390 Mass. 275 (1983)
454 N.E.2d 907
BRYAN M. MELLOR & others[1]
vs.
CAROL M. BERMAN.
Supreme Judicial Court of Massachusetts, Hampden.
May 2, 1983.
October 3, 1983.
Present: HENNESSEY, C.J., LIACOS, NOLAN, LYNCH, & O'CONNOR, JJ.
Michael G. West for the defendant.
Mark T. Flahive for the plaintiffs.
William H. Abrashkin & James F. Donnelly, for Massachusetts Tenants Organization & others, amici curiae, submitted a brief.
LIACOS, J.
This report by a judge of the Hampden County Division of the Housing Court Department raises questions as to the scope of a landlord's liability to a tenant for improper retention of a security deposit. See G.L.c. 186, § 15B (7), as appearing in St. 1978, c. 553, § 2.
*276 The facts are summarized as follows. The plaintiffs (tenants) leased residential property from the defendant (lessor) from June 1, 1978, to May 31, 1979.[2] The tenants gave the lessor a security deposit of $500 and the first month's rent of $350. No statement of the condition of the premises was given to the tenants.[3] See G.L.c. 186, § 15B (2) (c). After giving the lessor proper notice of the termination of their tenancy, the plaintiffs vacated the premises. After the tenants had vacated the premises, the lessor inspected the premises and decided that she was entitled to retain the security deposit for damage allegedly caused by the plaintiffs in excess of ordinary wear and tear. A letter was sent by the lessor to the tenants, setting forth the damage to the premises and the cost of repairs, estimated at $580.49.[4]
*277 The tenants disputed the lessor's allegations of damages and filed a civil action in the Housing Court, seeking treble damages, costs, interest, and attorney's fees, pursuant to G.L.c. 186, § 15B (7), for wrongful conversion of their security deposit. The lessor counterclaimed for damages in the amount in excess of the security deposit, $55.49.
The Housing Court judge found that the damage to the premises attributable to the plaintiffs amounted to $311.44. Ruling that the tenants were entitled to a balance of $213.56 from the security deposit, the judge entered judgment for the plaintiffs and ordered double damages in the amount of $427.12, plus interest of $31.62 and costs.
The lessor made a motion to have the judgment reduced to actual damages in the absence of any bad faith on her part. The tenants moved for treble damages. Relying on Friedman v. Costello, 10 Mass. App. Ct. 931 (1980), the judge concluded that the amendment of § 15B (7) by St. 1977, c. 979, increasing damages from double to treble damages, applied to any security deposit being held on and after September 1, 1978. He rejected the lessor's contention that multiple damages applied only to situations where there were findings of bad faith on the part of the landlord. Accordingly, the judge amended judgment for the plaintiffs by trebling the damages to the amount of $640.68. The amount of interest on the security deposit remained the same. The judge also ordered interest on the judgment to be added to the damages, pursuant to G.L.c. 231, § 6C, and costs and attorney's fees in the amount of $750. The lessor appealed the decision of the judge, which the Appeals Court affirmed.[5] See Mellor v. Berman, 13 Mass. App. Ct. 983, 984 (1982).
*278 Subsequently, the tenants filed a motion seeking an award of attorney's fees and costs arising out of the appeal. The lessor filed a motion for relief from judgment, claiming that multiple damages could not be awarded absent a finding of bad faith. The basis of her motion is a decision of this court, McGrath v. Mishara, 386 Mass. 74 (1982), decided subsequent to the decision by the Appeals Court. See Mass. R. Civ. P. 60 (b) (6), 365 Mass. 828 (1974). On these motions, because of the frequency of cases involving retention of security deposits, the judge reported questions of law to the Appeals Court.[6] Mass. R.A.P. 5, as appearing in 378 Mass. 924 (1979). We transferred the case to this court on our own motion.
We turn to the reported questions. The answer to the first question, i.e., the applicability of the multiple damages provisions of G.L.c. 186, § 15B (7), regardless of the lessor's *279 good faith belief for retaining all or a portion of a security deposit, is largely dispositive of the questions reported. We conclude that, under the statutory provisions, an award of treble damages for improper retention of all or part of a security deposit is not conditional on a finding of bad faith or wilful violations by the lessor.
The pertinent language, found in G.L.c. 186, § 15B (7), states that if the lessor violates certain provisions,[7] including a provision requiring a lessor to return a security deposit or the balance to which the tenant is entitled, plus interest, within thirty days after termination of the tenancy, "the tenant shall be awarded damages in an amount equal to three times the amount of such security deposit or balance thereof to which the tenant is entitled plus interest at the rate of five per cent from the date when such payment became due, together with court costs and reasonable attorney's fees." We have already indicated our view that the statute, as written, is unambiguous.[8] "The statute is unambiguous. `The language employed is neither peculiar nor technical, but is comprised rather of familiar words commonly combined to express, as they do here, a simple thought. Thus we construe the statute according to the common and approved use of this language.'" Jason v. Jacobson, 387 Mass. 21, 24 (1982), quoting New England Medical Center Hosp., Inc. v. Commissioner of Revenue, 381 Mass. 748, 750 (1980). See Commonwealth v. Graham, 388 Mass. 115, 120 (1983); Registrar of Motor Vehicles v. Board of Appeal on Motor *280 Vehicle Liab. Policies & Bonds, 382 Mass. 580, 585 (1981). The plain language of G.L.c. 186, § 15B (7), indicates that the application of the multiple damages provision is not conditional on a finding of bad faith on the part of a lessor committing one of the specified violations.[9]
Ordinarily, where the language of a statute is plain and unambiguous, our analysis would not look beyond the language to other sources. See New England Medical Center Hosp., Inc. v. Commissioner of Revenue, supra at 749-750; Hoffman v. Howmedica, Inc., 373 Mass. 32, 37 (1977). The defendant argues, however, that the construction of G.L.c. 186, § 15B (7), has been brought into question by our recent decision, McGrath v. Mishara, supra. That case involved a landlord found to have made deductions for unpaid rent from the tenants' security deposit in bad faith in violation of (1) G.L.c. 186, § 15B, (2) City of Boston Code, Ordinances, Title 10, c. 3, § 109 (1975), and (3) G.L.c. 93A, § 9 (1).[10]McGrath v. Mishara, supra at 83. There, we found no error in the judge's conclusion of violations by the landlord but declined to allow the cumulation of multiple damages. McGrath v. Mishara, supra at 85-86. In discussing the damages for the violation of G.L.c. 186, § 15B, we said, "At a minimum, a landlord must have a reasonable, good faith belief that it is entitled to an amount deducted as `unpaid rent' under § 15B." McGrath, supra at 80. Going on to address the permitted deduction for "unpaid rent," we stated that the statute is "clear that it was not intended to permit a deduction of `rent' by a landlord who knew or should have known it was improper. There is support in the record for the judge's finding that the landlord here acted in bad faith in deducting the $135 figure for rent owed *281 and that this conduct violated the provisions of § 15B." McGrath, supra.
Although the McGrath case involved the improper retention of a portion of a security deposit for unpaid rent, pursuant to G.L.c. 186, § 15B (4) (i), and the instant case involves retention of all of a security deposit for damages to the leased premises, pursuant to G.L.c. 186, § 15B (4) (iii), the defendant contends that a finding of bad faith is necessary here because the statute, applied in McGrath, provides for multiple damages for both types of improper withholding. See G.L.c. 186, § 15B (6) (e) and (7). We disagree.
The discussion of a requirement of "bad faith" and multiple damages pursuant to G.L.c. 186, § 15B (7), in McGrath was, at most, dictum. If deleted from the opinion, it would not change the outcome. The landlord in that case had been found to be in bad faith, and the court concluded that such a finding was warranted. McGrath v. Mishara, 386 Mass. 74, 80 (1982).
The general rule of statutory construction is that "a statute must be interpreted according to the intent of the Legislature ... considered in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers may be effectuated." Board of Educ. v. Assessor of Worcester, 368 Mass. 511, 513 (1975), quoting Industrial Fin. Corp. v. State Tax Comm'n, 367 Mass. 360, 364 (1975). Even were we to assume the statute to be ambiguous, the legislative intent and history of G.L.c. 186, § 15B, refutes the defendant's argument.
Where the Legislature has indicated its displeasure with described acts, has sought to deter their commission, and has encouraged vindicative lawsuits if wrongdoing is not stemmed, the imposition of multiple fines and penalties for a violation of statutory requirements is appropriate. Hampshire Village Assocs. v. District Court of Hampshire, 381 Mass. 148, 151-152, cert. denied sub nom. Ruhlander v. District Court of Hampshire, 449 U.S. 1062 (1980). Furthermore, the Legislature has the authority to provide for *282 the recovery of such multiple damages in cases involving "conduct that it regards as particularly reprehensible." Hampshire Village Assocs. v. District Court of Hampshire, supra at 153, quoting Lindsey v. Normet, 405 U.S. 56, 77 (1972). By enacting G.L.c. 186, § 15B, to limit the freedom of lessors and tenants to contract with regard to the rights and duties of the parties so far as security deposits are concerned, "the Legislature manifested a concern for the welfare of tenants in residential property who, as a practical matter, are generally in inferior bargaining positions and find traditional avenues of redress relatively useless; i.e., the legal expense of chasing a security deposit would be more than the amount of the deposit." Goes v. Feldman, 8 Mass. App. Ct. 84, 91 (1979). See Hampshire Village Assocs. v. District Court of Hampshire, supra at 152-153.
In 1969, § 15B merely stated that a lessor might not require a security deposit in an amount in excess of two months' rent. St. 1969, c. 244, § 1. One year later the Legislature added a penalty of double damages for the wilful withholding of a tenant's security deposit. St. 1970, c. 666, § 1. The requirement in the multiple damages provision of a wilful violation was deleted by the Legislature in 1972 and has remained omitted despite substantial changes in the form of the legislative controls on security deposits. See St. 1972, c. 639, § 1; St. 1977, c. 979, § 1; St. 1978, c. 553, § 1. The deletion of the requirement of a finding of bad faith was not accidental. Specific proposals presented to the Legislature in 1972 illustrate this point. 1972 House Doc. Nos. 248, 1676, and 3122 before the Legislature contained provisions retaining the "bad faith" requirement for damages for improper retention of security deposits. The Legislature declined to adopt these proposed changes to § 15B.[11]
*283 The legislative history of G.L.c. 186, § 15B conclusively shows that the Legislature intends any violation of G.L.c. 186, §§ 15B (6) (a), (d), and (e), to result in the imposition of treble damages. It is not for this court to judge the wisdom of legislation or to seek to rewrite the clear intention expressed by the statute. See Milton v. Metropolitan Dist. Comm'n, 342 Mass. 222, 227 (1961). A finding of good faith, therefore, is not a basis for an exception to the multiple damages provision of G.L.c. 186, § 15B (7). The trial judge correctly applied the statute. The answer to the first reported question is, "Yes."
We go on to consider the question of attorney's fees accrued in defending this appeal. There is no question that G.L.c. 186, § 15B (7), authorized the trial judge to award attorney's fees originally incurred at trial to the tenants. See Darmetko v. Boston Hous. Auth., 378 Mass. 758, 763-764 (1979). We turn now to the question of an award by the judge of additional attorney's fees incurred in defending the appeal in a G.L.c. 186, § 15B, action, the Appeals Court having remained silent on the issue.
In another landlord-tenant case involving similar multiple damages provisions for interference with a tenant's quiet enjoyment of residential property, G.L.c. 186, § 14, we authorized attorney's fees attributable to an appeal to be awarded by the trial judge on remand. Darmetko v. Boston Hous. Auth., supra at 765. General Laws c. 186, § 15B, like § 14, is silent as to the award of appellate attorney's fees. General Laws c. 261, § 22, authorizes the allowance of costs of appeal in civil actions. See also Mass. R.A.P. 26 *284 (a), as amended, 378 Mass. 925 (1979). General Laws c. 261, § 22, however, permits only the court or justice before whom such appeal is heard to allow the costs of the appeal to be awarded. Here, the Appeals Court was silent on the issue of both appellate attorney's fees and appellate costs.
Neither appellate costs nor attorney's fees for the appeal can be imposed by a trial court absent authorization by an appellate court or by virtue of a rule or statute. Mass. R.A.P. 26 (a). We, therefore, conclude that, in the absence of a directive by the Appeals Court, the Housing Court did not have the authority to award appellate attorney's fees. A litigant must bear his own expenses except when the burden is mitigated by a statute. See Commissioner of Ins. v. Massachusetts Accident Co., 318 Mass. 238, 241 (1945). While G.L.c. 186, § 15B (7), provides for the award of attorney's fees, that award must be limited to trial proceedings in circumstances where the Appeals Court has not directed otherwise. Cf. Darmetko v. Boston Hous. Auth., supra at 765.
Here, the issue has been presented in a report of questions. We conclude it would be inappropriate to assess additional attorney's fees on a matter of public concern reported by the trial judge.
We answer the first question, "Yes." Questions 2, 3, and 4 require no answer in light of our response to question number 1. Question 5 is answered, "No."
The case is remanded to the Housing Court for further proceedings consistent with this opinion.
So ordered.
NOTES
[1] John Wright, Dana Russell, and Stephen Russell are also plaintiffs in the instant case.
[2] The premises in question constitute a town house at 35 Mattoon Street, Springfield.
[3] As G.L.c. 186, § 15B (2) (c), requiring a statement of condition, took effect September 1, 1978, the trial judge concluded that the requirement of a statement of condition was not applicable to the plaintiffs' tenancy. See St. 1978, c. 553, § 3; St. 1977, c. 979, § 4. Cf. Jason v. Jacobson, 387 Mass. 21, 23-24 (1982).
[4] In his report of questions of law, pursuant to Mass. R.A.P. 5, as appearing in 378 Mass. 924 (1979), the judge found that the lessor had given proper notice. General Laws c. 186, § 15B (4) (iii), as appearing in St. 1978, c. 553, states that if a deduction from the security deposit is made "the lessor shall provide to the tenant within such thirty days an itemized list of damages, sworn to by the lessor or his agent under pains and penalties of perjury, itemizing in precise detail the nature of the damage and of the repairs necessary to correct such damage, and written evidence, such as estimates, bills, invoices, or receipts, indicating the actual or estimated cost thereof." The purpose of requiring specific itemization is to ensure that "landlords do not make spurious and unfounded deductions for damage." McGrath v. Mishara, 386 Mass. 74, 80 (1982). The letter, signed by the defendant, itemized the damages, indicated the cost of repair and by whom, but was not signed under the pains of perjury, nor did it enclose the actual estimates or receipts. The letter did note, however, that the $500 security deposit had earned $25, at a rate of 5% interest. See G.L.c. 186, § 15B (3) (a) and (b).

The plaintiffs argue that the lessor was not entitled to retain any portion of the security deposit because her counterclaim was forfeited as a result of improper notice. This question was not reported, however. See note 6, infra. Hence, the question is not before us. Similarly, we do not reach the issue of the applicability of G.L.c. 93A, as the matter is not before us. See Hampshire Village Assocs. v. District Court of Hampshire, 381 Mass. 148, 154-155, cert. denied sub nom. Ruhlander v. District Court of Hampshire, 449 U.S. 1062 (1980).
[5] In her appeal to the Appeals Court the lessor challenged the constitutionality of the amendment. She argued that the amendment gave a retroactive effect to the treble damages provisions. The Appeals Court found no retroactive effect because the defendant's contractual obligation to return the deposit did not arise until ten months after the effective date of the amendment. See Mellor v. Berman, 13 Mass. App. Ct. 983, 984 (1982). The issue surrounding the judge's rejection of the lessor's good faith argument was not presented to the Appeals Court.
[6] The questions reported are:

"1. Is a lessor, who withholds the return of a security deposit taken under the provisions of G.L.c. 186 S 15B, after giving the required notice of such withholding and who is subsequently held to be liable to return all or part of that security deposit by a Court of competent jurisdiction, subject to the penalty provisions of G.L.c. 186 S 15B, of `three times the amount of such security deposit or balance thereof to which the tenant is entitled, plus interest at the rate of five percent from the date when such payment became due, together with court costs and reasonable attorneys fees,' regardless of the question of the good or bad faith of the lessor in so withholding?
"2. If the answer to the foregoing question is NO, does the burden rest on the lessor to prove he had a `reasonable, good faith belief that he is entitled to an amount deducted?'
"3. If the answer to #2 is YES and the lessor meets that burden, is the obligation of the lessor limited to a return of the amount wrongfully but in good faith withheld?
"4. Is there any obligation on the tenant under G.L.c. 186 S 15B to prove `bad faith' in withholding on the part of the lessor?
"5. Is it within the power and authority of the trial court, having made an award of counsel fees in a G.L.c. 186 S 15B case, to, after rescript opinion which is silent on counsel fees, to [sic] award additional counsel fees and litigation expense encompassing services and expenses incurred in prosecuting or defending the appeal?"
[7] The other violations are provisions requiring the lessor to place the security deposit in a separate, interest-bearing account which may not be commingled with the lessor's funds, G.L.c. 186, § 15B (6) (a), and requiring the lessor to transfer the security deposit to his successor in interest, G.L.c. 186, § 15B (6) (d). See G.L.c. 186, § 15B (3); G.L.c. 186, § 15B (5).
[8] In Jason v. Jacobson, 387 Mass. 21, 24 (1982), we were asked to interpret G.L.c. 186, § 15B, as appearing in St. 1977, c. 979. Although St. 1978, c. 553, § 2, superseded St. 1977, c. 979, the statute retained the substance of St. 1977, c. 979. The 1978 amendments provide clarification of the 1977 expansion. Section 15B (7) of G.L.c. 186 is essentially the same in St. 1978, c. 553, § 2, as St. 1977, c. 979, § 1.
[9] The judge noted in his report under Mass. R.A.P. 5, as appearing in 378 Mass. 924 (1979), that he had been applying the multiple damages penalty uniformly and irrespective of the lessor's good or bad faith.
[10] A security deposit is not rent. Huard v. Forest St. Hous. Inc., 366 Mass. 203, 211 (1974). A lessor, however, may deduct from the security deposit "any unpaid rent which has not been validly withheld or deducted pursuant to the provisions of any special or general law." G.L.c. 186, § 15B (4) (i), as appearing in St. 1978, c. 553, § 2.
[11] We acknowledge the considerable assistance we have received from the brief filed by the Massachusetts Tenants Organization and others as amici curiae, particularly as to the legislative history of G.L.c. 186, § 15B.

The language of other multiple damages statutes indicates that where the Legislature intends to require a finding of bad faith or wilful violations it knows how to include such requirement. Compare the language of G.L.c. 186, § 15B (7) with G.L.c. 93A, §§ 2, 9, and 11, as amended, stating that "any person ... who has been injured by another person's use or employment" of "unfair or deceptive practices in the conduct of any trade or commerce" "may bring an action ... in the housing court" "for money damages only. Said damages may include double or treble damages, attorneys' fees and costs, as herein provided...." Compare also G.L.c. 167, § 63, G.L.c. 137, §§ 1, 2, G.L.c. 242, §§ 4-6, G.L.c. 186, § 15F, G.L.c. 75D, § 14, G.L.c. 91, § 59A, G.L.c. 140, § 159, G.L.c. 130, §§ 63, 68A, G.L.c. 130, §§ 24, 27, and G.L.c. 131, § 42, with G.L.c. 165, § 24, G.L.c. 214, § 3A, G.L.c. 231, § 85J, G.L.c. 93, §§ 21, 42, and G.L.c. 272, § 85A.