Barrett, J.
The plaintiff, a former tenant of the defendant, brought suit against his former landlord for violations of the security deposit law, G.L.c. 186, §15B. After a bench trial, the judge found for the plaintiff in tire amount of $1,005.00.
We summarize the judge’s findings. On March 1,2002, the plaintiff commenced a residential tenancy at-will with the defendant. At the inception of the tenancy, the plaintiff gave defendant two checks, each in the amount of $975.00. One check was for the first month’s rent and the second, for the security deposit. The defendant deposited the check representing the security deposit into his personal checking account.
The tenancy was short-lived. On April 1, 2002, the plaintiff informed the defendant that he would terminate his tenancy at the end of the month. He asked the defendant to use the security deposit as the last month’s rent. The defendant refused and told the plaintiff that the security deposit would be returned following an inspection of the premises after the plaintiff vacated.
The plaintiff moved out of the apartment on May 1, 2002, and returned the key to the defendant’s mother. However, the plaintiff did not leave a forwarding address, nor did he provide any instructions for the forwarding of the security deposit to him.
The defendant inspected the apartment and did not find any damage which would have entitled him to retain any amount of the deposit. The trial judge found that the defendant was prepared to return the deposit, but he did not have a forwarding address for the plaintiff. The defendant did conduct an internet search for the plaintiff, but was unable to locate him due to the number of search results for “John Anderson.”
The plaintiff contacted the defendant on June 13, 2002 regarding the security deposit and, at that time, provided the defendant with his new address. The defendant mailed the plaintiff a check in the amount of $985.00 on June 29, 2002. That amount'represented the $975.00 received as a security deposit and $10.00 in interest. Although not dated, the check was negotiable. The plaintiff elected, however, not to cash it.
Three weeks after the return of the security deposit, the plaintiff filed a civil action. The action was dismissed for plaintiff’s failure to comply with discovery. A second action was also dismissed.[1] This suit then followed.
The trial judge ruled that the defendant violated G.L.c. 186, §15B (3) by placing the security deposit into his personal checking account, and that the defendant was not entitled to any late rent penalty payments. However, the judge found that *32 the plaintiff did not need to resort to litigation in order to obtain the return of his security deposit and that the return of the deposit was timely in these circumstances. Citing Castenholz v. Caira, 21 Mass. App. Ct. 758, 763 (1986), the judge concluded that the plaintiff was not entitled to statutory multiple damages or attorney’s fees.
It is clear that a landlord who accepts a security deposit is required by G.L.c. 186, §15B(3)(a) to place that deposit into a separate, interest-bearing bank account. If he fails to do so, the landlord forfeits his right to retain that deposit. G.L.c. 186, §15B(6)(a). Should the landlord fail to comply with §15B(6)(a), “the tenant shall be awarded damages in an amount equal to three times the amount of such security deposit... together with court costs and reasonable attorney’s fees.” G.L.c. 186, §15B(7).
As expressly noted by the trial judge, his refusal to award multiple damages or attorney’s fees was based on Castenholz, supra, wherein the Appeals Court stated:
Subsection (7) imposes the treble damages penalty not for a violation of subsection (3) (a), but for a violation of subsection (6) (a). Subsection (3) (a) establishes the duty to place the security deposit in an escrow account. Subsection (6) (a) declares a forfeiture of the landlord’s right to retain the security deposit if he has failed to comply with the specified duty imposed on him by subsection (3) (a). The forfeiture of the right to retain the deposit means that the landlord is under a duty to return the deposit to the tenant on demand. A violation of subsection (6) (a) occurs if the landlord fails to return the deposit when requested. In that event the treble damages provisions of subsection (7) come into play.
Section 15B, as thus construed, is not a minefield of potential multiple penalties for a landlord who makes an innocent mistake. Any one of the violations of duty listed in subsection (6) will entitle the tenant to immediate return of his entire deposit on request, regardless of whether the violation was innocent or wilful. Mellor v. Berman, 390 Mass. [275,] 281-283 [(1983)]. If the landlord refuses to acknowledge his error and return the deposit, thus forcing the tenant to employ legal process to vindicate his rights, the landlord will be liable for treble damages, interest, costs, and attorney’s fees. The purpose of subsection (7) is not to pillory the landlord, but to make resort to litigation feasible for the tenants. Without subsection (7), normally ‘the legal expense of chasing a security deposit would be more than the amount of the deposit’ (citations omitted). Where the landlord discovers or acknowledges his error and returns the deposit, and the tenant is not forced to resort to litigation to vindicate his rights, the multiple damages and attorney’s fees provisions of subsection (7) have no application. As thus understood, the purpose of §15B is seen not to be arbitrarily penal; rather, ‘the underlying goal’ is to establish an ‘equitable relationship’ between tenants and landlords (citation omitted).
Castenholz, supra at 762-763.
The plaintiff does not argue that the trial judge incorrectly applied Castenholz. Rather, the plaintiff argues that Castenholz was improperly decided and the trial judge should have applied instead Mellor v. Berman, 390 Mass. 275 (1983), which holds that the landlord’s good faith intentions are irrelevant when determining whether or not he violated the statute. Id. at 279-283. While we are sympathetic to this argument, we note that for over twenty years Castenholz has defined the relationship between a landlord and a tenant as it relates to the placement of a security deposit, the forfeiture of the right to retain the deposit, and the resulting penalties for the failure to return the deposit. Since Castenholz was decided, the legislature *33 has amended §15B three times, see St. 1986, c. 557, §164; St 1992, c. 133, §522; St. 2004, c. 417, §1, but it has made no change to the statute to correct the reading given it by Castenholz. Nor has our attention been directed to any case, subsequent to Castenholz, that erodes its foundation. Given this history, we follow Cas-tenhotés interpretation of the statute.[2]
However, we find that the plaintiffs request that his security deposit be applied to his last month’s rent was equivalent to a demand for its return. The landlord’s failure to honor that request shifted the burden back to the plaintiff to pay his last month’s rent and then, hopefully, collect his security deposit at the end of his tenancy. Had there been damage to the apartment, the landlord would have, presumably, applied the funds to those damages as would normally be his right under §15B(4) (iii), requiring the tenant to resort to litigation to gain the return of his deposit. Except in this case, the landlord forfeited that right when he failed to segregate the subject funds in a separate interest-bearing bank account. This set of facts is consistent with the situation envisioned by Castenholz where it held that a landlord who fails to segregate a security deposit becomes subject to multiple damages if he fails thereafter to return the deposit when requested. Where a landlord violates §15B(3)(a) and (6) (a), he should not then be permitted to maintain the upper hand in a tenancy by being allowed to continue to hold a security deposit once a request has been made for its return. This landlord’s failure to segregate the deposit properly, followed by his refusal to apply it as directed by the plaintiff, subjects him to the multiple damages penalty of §15B(7), whether the analysis is under Castenholz or Mellor.
Given this ruling, we need not reach the issue of defendant’s failure to comply with §15B (4) by failing to return the deposit within thirty days of the tenancy’s termination. In any event, Castenholz does not apply to that issue since it dealt exclusively with a tenant who was still in possession of the property and who, after learning her deposit had been commingled with the funds of her landlord, made an unsuccessful demand for its return. The outcome of defendant’s failure to return the deposit promptly is more properly controlled by Mellor, which requires the imposition of treble damages and attorney’s fees regardless of the landlord’s good faith intentions.
Accordingly, we return the case to the trial court for the assessment of treble damages and attorney’s fees consistent with this ruling, and for the entry of judgment for the plaintiff in the amount so assessed.
So ordered.

 It is unclear why the dismissal of these actions did not bar the present suit. See Mass. R. Civ. P., Rule 41(b) (3).

 While we may not fully agree with Castenholz, we defer to the Appeals Court.