NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-997

SHANE WEEKS & another[1]

vs.

GEORGE STALCUP & another.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following the dismissal of a summary process action with prejudice pursuant to a stipulation agreement, the plaintiffs, Shane and Kaycee Weeks (landlords), filed suit against the defendants, George and Alane Stalcup (tenants), for damage to the rental premises in violation of the parties' prior lease agreement.  A Housing Court judge granted summary judgment to the tenants and dismissed the suit on the basis that the landlords' claims were waived by the stipulation.  On appeal, the landlords argue that the judge erred in granting summary judgment because a stipulation of dismissal with prejudice is

---

[1] Kaycee Weeks.

[2] Alane Stalcup.

distinguishable from a general release of all claims.  They further contend that they could not have raised a claim for damage to the premises in the summary process action, and, because they were not in possession at the time the stipulation was filed, they could not have known of any physical damage to the premises.  We affirm.

Discussion.  On appeal, "[w]e review a grant of summary judgment de novo."  Miller v. Cotter, 448 Mass. 671, 676 (2007).  We look to the summary judgment record to determine "whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the nonmoving party is entitled to a judgment as a matter of law."  Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991).  See Mass. R. Civ. P. 56 (c), as amended, 436 Mass. 1404 (2002).  The landlords primarily contend that the judge erred in granting summary judgment because a stipulation of dismissal in a summary process action is distinguishable from a general release of all past, present, and potential future claims.  Although this principle is true so far as it goes, it does not change the fact that the stipulation here waived all claims between the parties.

"A settlement agreement is a contract and its enforceability is determined by applying general contract law."

2

Dacey v. Burgess, 491 Mass. 311, 318 (2023), quoting Sparrow v. Demonico, 461 Mass. 322, 327 (2012). "Once judgment is entered based on the parties' voluntary settlement, the judgment 'conclusively determines the rights of the parties as to all matters within its scope.'" Dacey, supra at 315, quoting Kelton Corp. v. County of Worcester, 426 Mass. 355, 359 (1997). "[A] release may be prompted by the settlement of a specific dispute or resolution of a specific issue, but broad wording in the release operates to settle all other, unrelated matters, even if they were not specifically in the parties' minds at the time the release was executed." Eck v. Godbout, 444 Mass. 724, 728 (2005). When a release is clear, "unambiguous and comprehensive," it should be enforced according to its terms. Cormier v. Central Mass. Chapter of the Nat'l Safety Council, 416 Mass. 286, 288 (1993). Indeed, "Massachusetts law favors the enforcement of releases." Sharon v. Newton, 437 Mass. 99, 105 (2002).

Here, the landlords voluntarily entered into the stipulation with the tenants, under which they agreed that, "[e]xcept as to enforce the terms of this Stipulation, all parties waive any claims and counterclaims with prejudice." When, as here, the parties agree to waive "any" claims and counterclaims, without language limiting the scope of the

agreement to only those claims available or specifically raised in the underlying action, the agreement cannot be construed narrowly in the manner urged by the landlords.[3]  Contrast Leblanc v. Friedman, 438 Mass. 592, 598-599 (2003) (release containing limiting language referencing all claims related to specific procedure constituted release of only claims arising out of that procedure).  As the judge aptly noted, the landlords "could have reserved their rights to claim such damages" that they sought in this action by carving out future claims for damage to the premises beyond normal wear and tear, or by qualifying "any" to refer only to those claims raised in the summary process complaint, but they did not.  That the landlords might have subjectively intended for the provision to be so limited "do[es] not furnish a basis for avoiding the release on the ground of mistake."  Cormier, 416 Mass. at 289.

The landlords further contend that because they could not have raised a claim for physical damage to the premises in the summary process action, they cannot now be barred from seeking such damages.  While it is true that in a summary process

_____

[3] While the landlords cite to Mass. R. Civ. P. 41, 365 Mass. 803 (1974), for the proposition that a stipulation of dismissal "refer[s] only to those allegations in the complaint and pleadings at hand," nothing in the rule limits the parties' ability to release other claims related to the tenancy, and they do not point to any other authority to support this contention.

4

action, "[r]elief available to a landlord is limited to possession or payment for rent or use and occupation," Jinwala v. Bizzaro, 24 Mass. App. Ct. 1, 7 n.4 (1987), this limitation did not preclude the parties from entering into an agreement to release other claims related to the tenancy. See Dacey, 491 Mass. at 313, 315-316. Indeed, the parties did just that by further stipulating that "[a]ny property remaining at or about the premises may be disposed of by [the landlords]," a provision accounting for matters beyond either possession or nonpayment of rent.

As to the landlords' argument that they could not have known of any physical damage to the rental premises while they were not in possession, we are not persuaded. To start, the argument is based on a factual premise that is contrary to the language of the stipulation.[4] The landlords, moreover, retained in the lease agreement a right of entry "at all reasonable times during the term of [the lease] . . . for the purpose of inspecting the [p]remises," and for "making any repairs, additions or alterations as may be deemed appropriate." See G. L. c. 186, § 15B (1) (a). That the landlords did not exercise this right does not render the possibility of damage

---

[4] As of the date of the stipulation, November 15, 2021, the parties agreed that the tenants had "vacated the premises" and "ceded possession of the premises to plaintiff [Shane Weeks]."

5

undiscoverable, and, significantly, does not otherwise affect the broad language of the stipulation.

Judgment affirmed.

By the Court (Blake,
  Ditkoff & D'Angelo, JJ.[5]),

Clerk

Entered:   November 12, 2024.

---

[5] The panelists are listed in order of seniority.