NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-250

HEIDI A. ROSE, trustee,[1]

vs.

TANYA SANTOS & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a summary process bench trial in the Housing Court, judgment entered awarding possession of the premises to the defendants, Tanya Santos and David Gomes,[3] subject to certain conditions, and damages to the plaintiff trustee, Heidi A. Rose. Rose filed a motion for reconsideration pursuant to Mass. R. Civ. P. 59 (e), 365 Mass. 827 (1974), which the judge denied after a hearing.  Rose appeals from the denial of the motion. We affirm.

_____

[1] Of the Testamentary Trust of August L. Santos.

[2] Shanice Orrico and David Gomes.  Orrico was dismissed from the summary process action by agreement of the parties.

[3] The defendants declined to file a brief and did not otherwise participate in this appeal.

Background.  Rose's and Santos's father, August L. Santos, died testate in July 2022, leaving a home in a testamentary trust to Rose, as trustee, subject to the right of Santos to live there so long as she pays "all of the taxes, insurance, bills[,] expenses and utilities" owed on the home and $500 per month in rent to Rose.  The trust further provides that in the event Santos does not fulfill these obligations, Rose is authorized to sell the house.  The trust does not contain any further due dates for the monthly rental payments, nor does it specify when and how the insurance, taxes, and utilities are to be paid.

On May 26, 2023, Rose served the defendants[4] with a no-cause, ninety-day notice to quit seeking to terminate the at-will tenancy.  When the defendants failed to vacate, Rose filed a summary process complaint seeking possession.  The defendants did not file an answer or counterclaims but did appear for trial.  At the trial on October 30, 2023, Rose testified that the defendants owed rent for the month of October 2023.  At the judge's suggestion, Rose made an oral motion to amend the complaint to claim $500 in rent arrearage, which the judge allowed.  Rose further testified, and the judge credited her

_____

[4] Gomes is Santos's boyfriend; he is not a beneficiary of the trust but resides with Santos in the home.

2

testimony, that she had paid delinquent tax and insurance bills that had become due on the home after her father's death and while Santos was living there.[5]  The judge allowed Rose's second oral motion to amend the complaint to reflect these payments. Santos then testified, and the judge credited her testimony, that she did not receive the tax and insurance invoices in a timely manner because they were sent to a third sister at a different address and the sisters were not in communication.

The judge entered findings of fact, rulings of law, and an order for judgment, concluding that Santos had paid the utilities but owed October 2023 rent, and that Rose had advanced the taxes and insurance payments owed on the home.  The judge awarded possession to the defendants, on the condition that they make all rental payments no later than the fifth of each month, tax payments within thirty days of receiving the invoice, insurance payments within the time provided by the insurance contract, and utility payments in a timely manner.  He also

---

[5] Rose testified that she received a cancellation notice of the homeowner's insurance policy for nonpayment dated April 4, 2023.  Following the cancellation, she paid $310 on June 28, 2023, to initiate a new policy that covered the premiums due for July 2023 and August 2023.  Rose then paid $121.08 on August 30, 2023, to cover the amounts owed for September 2023, and made two payments of $144.08 each to cover October 2023 and November 2023.  Rose further testified that she contacted the town to ascertain whether the property taxes had been paid, and on learning that they had not, she paid $909.73 on May 2, 2023, and $858.34 on August 14, 2023.

3

awarded damages to Rose, as reimbursement for the tax and insurance payments, to be paid no later than January 30, 2024. Rose filed a motion for reconsideration, which the judge denied after a hearing. This appeal followed.

Discussion. Rose appeals from the denial of the motion for reconsideration, claiming that the judge abused his discretion because (1) Santos was not entitled to possession where she failed to meet her obligations under the trust, (2) Gomes was not entitled to possession as an unauthorized occupant of the home, (3) the award of damages was improper where possession entered for the defendants, and (4) attaching conditions to the judgment was an error of law. We review for abuse of discretion. See Dacey v. Burgess, 491 Mass. 311, 317 (2023).

1. Possession. To be entitled to possession of the premises in a summary process action, the plaintiff is required to show that (1) she is the owner of the subject premises, (2) she served on the defendants a legally adequate notice to quit, and (3) the defendants hold possession of the premises without right. See G. L. c. 239, § 1; Cambridge St. Realty, LLC v. Stewart, 481 Mass. 121, 130 (2018). Rose primarily contends that Santos's failure to make timely rent, tax, and insurance payments violated the terms of the trust and thus entitled Rose to possession.

4

As to the rent payments, the judge found that as of the time of trial in October 2023, Santos owed rent for that month. Although the plain language of the trust requires Santos to make monthly payments of $500, the trust does not specify when those payments are due. See Ferri v. Powell-Ferri, 476 Mass. 651, 654 (2017) ("The rules of construction of a contract apply similarly to trusts; where the language of a trust is clear, we look only to that plain language"). In the absence of a due date, and where the trial was completed before the last day of October, the fact that Santos had not paid her October rent does not establish that she failed to meet her obligations under the trust. Contrast Scott Realty Group Trust v. Charland, 98 Mass. App. Ct. 706, 721-722 (2020) (no error in awarding past due rent on fifth of month where undisputed that rent was due on first of each month).

Regarding the late tax and insurance payments, as the judge found, Santos's failure to make such payments was "at least partially the fault of [Rose] and her sister in not forwarding invoices for taxes and insurance in a timely manner." Compare Cabot v. Cabot, 55 Mass. App. Ct. 756, 771-772 (2002) (regular receipt of notices for payment, and repeated failure to pay, amounted to violation of obligation to pay share of expenses). Indeed, the judge credited Santos's testimony that the sisters

5

were not in communication, and that she did not receive the invoices as they came due. As Rose does not contest the judge's findings of fact following trial and "we give due regard to the judge's assessment of the witness['s] credibility," Andover Hous. Auth. v. Shkolnik, 443 Mass. 300, 306 (2005), we discern no abuse of discretion in the judge's determination that Rose was not entitled to possession based on Santos's failure to pay the overdue invoices timely.

Rose additionally argues that Gomes was not entitled to possession where he was not a beneficiary of the trust and had not paid rent. To the extent that Rose contests the creation of a tenancy with Gomes, the parties orally stipulated to several facts at the outset of trial, including that a tenancy existed between the parties. See Goddard v. Goucher, 89 Mass. App. Ct. 41, 45 (2016) (factual stipulations are generally binding on parties and respected by courts). Further, Rose served Gomes with a ninety-day notice to quit indicating that the tenancy was one at will. See Newman v. Sussman, 239 Mass. 283, 285 (1921) (tenancy at will may be created by conduct of parties). Consequently, the judge did not abuse his discretion in denying the motion on this basis.

2. Other requested relief. Rose argues that the award of damages was improper because it constituted relief beyond what

is available to a landlord in a summary process action. See G. L. c. 239, § 3; Jinwala v. Bizarro, 24 Mass. App. Ct. 1, 7 n.4 (1987). She also argues that the judge erred in attaching conditions to the judgment in the form of due dates for rent, insurance, tax, and utility payments, as being outside the scope of judgments authorized by G. L. c. 239, § 3. However, because the defendants did not file a cross appeal, and did not participate in this appeal, we decline to disturb so much of the judgment that awarded damages to Rose and provided deadlines for payment. See Taylor v. Beaudry, 82 Mass. App. Ct. 105, 112 (2012), and cases cited ("[I]n the absence of a cross appeal an appellee may not obtain a decree more favorable than the one issued below").

Order denying motion for
  reconsideration of judgment
  affirmed.

By the Court (Blake, C.J.,
  Shin & Hand, JJ.[6]),

*Paul Little*

Clerk

Entered: February 18, 2025.

---

[6] The panelists are listed in order of seniority.