MELVIN SILVERMAN, trustee in bankruptcy, *vs.* CLARENCE E. WEDGE.

Suffolk.    April 7, 1959. — May 18, 1959.

Present: WILKINS, C.J., RONAN, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Bankruptcy,* Fraudulent conveyance, Trustee's rights.    *Corporation,* Transfer of property.    *Fraudulent Conveyance.    Taxation,* Corporate excise.

A trustee in bankruptcy of a domestic business corporation had no standing by reason of G. L. c. 63, § 76, as in effect in 1953, to seek to set aside under § 70 (c) (1) of the bankruptcy act, 11 U. S. C. (1952) § 110 (e) (1), a sale or transfer of assets of the corporation such as was made "fraudulent and void as against" the Commonwealth by § 76.

BILL IN EQUITY, filed in the Superior Court with a writ of summons and attachment dated August 31, 1954.

The suit was heard by *Dewing, J.*

*Thomas F. Donovan,* (*Sidney J. Kagan* with him,) for the plaintiff.

No argument nor brief for the defendant.

RONAN, J.    This is an appeal by the plaintiff, a trustee in bankruptcy, from a final decree dismissing a bill which sought to set aside, under § 70 (e) (1) of the bankruptcy act, 11 U. S. C. (1952) § 110 (e) (1), the sale to the defendant by the bankrupt, a building contractor, of a used dump truck.    That statute reads: "A transfer made or suffered or obligation incurred by a debtor adjudged a bankrupt un-

der this Act which, under any Federal or State law applicable thereto, is fraudulent as against or voidable for any other reason by any creditor of the debtor, having a claim provable under this Act, shall be null and void as against the trustee of such debtor." At the time the sale was made, on or about October 30, 1953, § 76 of c. 63 of our General Laws read (in part): "The sale or transfer, otherwise than in the ordinary course of trade and in the regular and usual prosecution of the corporation's business, of any part or the whole of the assets of a domestic business corporation . . . shall be fraudulent and void as against the commonwealth, unless such corporation shall, at least five days before the sale or transfer, notify the commissioner of the proposed sale or transfer and of the price, terms and conditions thereof, and of the character and location of said assets. . . ." No notice of the sale was given.

The powers, if any, of the plaintiff are derived from this statute. Laying to one side the findings of the trial judge that the defendant purchased the truck in good faith and without knowledge that the corporation (bankrupt) was in financial difficulties, and also the further finding that the sale of the truck was made in the ordinary course of trade and in the regular and usual prosecution of the corporation's business — see *Pearson* v. *Goodwin,* 9 Allen, 482, 483; *Stevens* v. *Pierce,* 147 Mass. 510 — we look to the statute to ascertain the plaintiff's power to bring the proceedings.

The statute is included in c. 63 of the General Laws which deals with excise taxes on corporations. Section 76 and predecessor statutes have always been a provision solely in aid of the collection of such taxes. The earliest form of this statute, St. 1910, c. 187, was entitled "An Act to prohibit the sale or transfer of the assets of a corporation in fraud of the commonwealth," and was directed to assisting the collection of taxes imposed by St. 1903, c. 437, esp. §§ 72, 74, historically predecessors of taxes now imposed by G. L. c. 63. The title of an act is to be considered in construing the act. *Charles I. Hosmer, Inc.* v. *Commonwealth,* 302 Mass. 495, 501. *Rockland-Atlas Natl. Bank* v. *Massachusetts*

*Bonding & Ins. Co.* 338 Mass. 730, 735. The title corresponded to the narrow scope of the act. It dealt with a special class of taxes and with the Commonwealth as a public body seeking to enforce its taxes. Chapter 187 and § 76 afforded no rights except to the Commonwealth. Failure to comply with the notice provisions of § 76 gave the Commonwealth alone the power to collect from property, sold otherwise than in the ordinary course of the corporation's business, the taxes then due to the Commonwealth under c. 63. Viewed in context and in the light of its purpose, the statute merely provided to the Commonwealth a tax lien for the particular tax upon the particular property affected, which would be discharged by the payment of that tax by any person. The trustee has and had no duties to perform under the statute. He does not by his mere appointment as trustee represent the Commonwealth. No special benefit is conferred upon him by the statute.

An amendment of § 76 by St. 1954, c. 461, § 1,[1] changed the wording of the section in a manner which in relevant respects restated the section in language much as it had been interpreted, prior to the amendment, in the Federal case mentioned below, and as we have interpreted the earlier form of the section. See 1 Annual Survey of Mass. Law (1954) 27, 29. 11 U. S. C. (1952) § 110 (e) (1) is not applicable here.

In a well argued bankruptcy case before the United States District Court for the District of Massachusetts, it was recognized that, even prior to the 1954 amendment, "the purpose of the statute was . . . . to give . . . a lien on property that was transferred without the proper notice" and that the section was not "intended to cover security trans-

---

[1] General Laws c. 63, § 76, now reads (in part): "At least five days prior to the sale or transfer, otherwise than in the ordinary course of business, of all or substantially all of the assets situated in the commonwealth of a domestic . . . corporation . . . , the corporation or any person in interest shall file a return notifying the commissioner in writing of the proposed sale or transfer, and of the price, terms and conditions thereof, and of the character and location of the assets . . . . In the event of a failure to notify the commissioner . . . , the commonwealth shall have for its exclusive benefit a lien upon all of the assets of the corporation in the commonwealth . . . ."

actions" of the type (a mortgage) then before the court. The decision then indicated that, even if § 76 was applicable at all, 11 U. S. C. (1952) § 110 (e) (1) did not in fact apply to § 76, for the reason that the latter was intended to give the Commonwealth a peculiar right which a trustee in bankruptcy was not empowered to assert for the benefit of general creditors. *In the Matter of F. A. Whitney Carriage Co.* 173 F. Supp. 709 (D. Mass., Sweeney, C.J.). See also Report of the Tax Commissioner and Commissioner of Corporations, 1909 Pub. Doc. No. 16, urging legislation restricting corporations in failing circumstances from avoiding the payment of taxes by transferring their assets to another, which was followed by St. 1910, c. 187, enacting the statute in the form in which it substantially was at the time the truck was sold to the defendant; *Sellers* v. *Hayes,* 163 Ind. 422. We agree with the views of our statute expressed in the *Whitney* case.

*Decree affirmed.*