RAYMOND C. PATRY & another[1] vs. LIBERTY MOBILEHOME
SALES, INC.

Hampden.  January 9, 1985. — March 13, 1985.

Present: HENNESSEY, C.J., WILKINS, LIACOS, NOLAN, & O'CONNOR, JJ.

*Damages,* Interest, Counsel fees.  *Consumer Protection Act,* Damages,
Attorney's fees.

Appellate attorney's fees of a party successful on appeal in an action under
G. L. c. 93A may not be awarded by a trial judge unless the appellate
court indicates that such an award may be made by the trial court.
[272]
An award of counsel fees in a consumer protection case should not include
interest on the amount awarded. [272-273]
In a consumer protection case interest on the damages was to be calculated
under G. L. c. 231, § 6B, at the rate applicable at the time the damages
were assessed in the trial court, and not at the rate applicable under
§ 6B, as amended, at the time of the final appellate action affirming the
judgment below. [273]

CIVIL ACTION commenced in the Housing Court of the
County of Hampden on October 8, 1976.

Posttrial motions for assessment of costs and attorney's fees
and for computation of interest were heard by *Edward C. Peck,
Jr.,* J.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*Richard J. Ianello* for the plaintiffs.
*William L. Cohn* for the defendant.

WILKINS, J. We consider on further appellate review issues
presented in summary orders entered by the Appeals Court
that concluded in effect that (1) appellate attorney's fees of a
party successful on appeal in a G. L. c. 93A action may not be

---

[1] Rachel M. Cloutier.

awarded by a trial judge unless the appellate court indicates that such an award may be made by the trial court; (2) interest should not be allowed on an award of G. L. c. 93A counsel fees for services at the trial court level; and (3) interest on G. L. c. 93A damages is payable under G. L. c. 231, § 6B, in this case at the rate applicable at the time the damages were assessed in the trial court and not at the rate applicable under § 6B, as amended, at the time of the final appellate action affirming the judgment below. *Patry* v. *Liberty Mobilehome Sales, Inc.,* 18 Mass. App. Ct. 1102 (1984). We agree with the conclusions of the Appeals Court.

We describe the procedural background that gives rise to the issues on appeal. The plaintiffs were initially unsuccessful in this action under G. L. c. 93A, and judgment was entered for the defendant in October, 1978. The plaintiffs appealed, and in June, 1980, the Appeals Court ordered the judgment for the defendant to be reversed and remanded the case for the determination of damages and reasonable attorney's fees. *Patry* v. *Harmony Homes, Inc.,* 10 Mass. App. Ct. 1 (1980). On October 7, 1981, a judge determined the plaintiffs' damages and allowed attorney's fees and costs. The defendant then appealed. On April 27, 1983, the Appeals Court affirmed the judgment. *Patry* v. *Liberty Mobilhome Sales, Inc.,* 15 Mass. App. Ct. 701 (1983). The Appeals Court made no reference to an allowance of attorney's fees on appeal, nor did the plaintiffs request any such allowance by that court. This court denied the defendant's application for further appellate review. *Patry* v. *Liberty Mobilhome Sales, Inc.,* 389 Mass. 1104 (1983). Thereafter, on August 1, 1983, a trial judge awarded attorney's fees to the plaintiffs with respect to the defendant's appeal. On September 9, 1983, that judge entered a further order that the plaintiffs were entitled to interest at 8% on their G. L. c. 93A damages from the date of the commencement of the action. He also ruled that the plaintiffs were entitled to interest on the award of attorney's fees from the date of the award.

The defendant's appeal challenges (1) the allowance of appellate attorney's fees and (2) the allowance of interest on the amount of trial attorney's fees awarded. The plaintiffs' appeal

seeks a determination that interest should have been allowed at the rate of 12% instead of 8%. The summary orders of the Appeals Court correctly decided each of these issues in favor of the defendants.

1. Where the Appeals Court gave no directive concerning the allowance by the trial court of appellate attorney's fees, the trial court had no authority to award such fees under G. L. c. 93A, § 9 (4). See *Mellor* v. *Berman,* 390 Mass. 275, 284 (1983) (construing G. L. c. 186, § 15B [7]). We have treated as discretionary in the appellate court the award of attorney's fees on appeal where a statute provides for the payment of reasonable attorney's fees. See *Mellor* v. *Berman, supra; Torres* v. *Attorney Gen.,* 391 Mass. 1, 16 (1984) (considering G. L. c. 214, § 3B, and a violation of G. L. c. 66A, the Fair Information Practices Act); *Linthicum* v. *Archambault,* 379 Mass. 381, 389 (1979) (considering G. L. c. 93A, § 11); *Darmetko* v. *Boston Hous. Auth.,* 378 Mass. 758, 765 (1979) (considering G. L. c. 186, § 14). In these cases in our discretion we either rejected the award of attorney's fees in the appeal before us, as in the *Mellor* case, or, as in the other cases, directed that the trial judge could consider the award of reasonable attorney's fees on the appeal. Where, however, the appellate court has not directed otherwise, the award of attorney's fees under a statute must be limited to trial proceedings. The award of appellate attorney's fees in this case was not authorized by the Appeals Court, and thus the trial court judge had no authority to allow them.[2] We decline the plaintiffs' invitation to reopen the question at this time.

2. No interest should have been allowed on the amount of trial court attorney's fees. Attorney's fees are not part of the damages suffered in a G. L. c. 93A action. See G. L. c. 93A, §§ 9 (4) and 11. On the question of allowing interest they are more analogous to costs. Of course, if attorney's fees are part of a plaintiff's damages, as they may be, for example, in a civil contempt action (see *Coyne Indus. Laundry of Schenec-*

---

[2] The plaintiffs expressly disavow seeking an award of appellate attorney's fees in these current appeals.

*tady, Inc.* v. *Gould,* 359 Mass. 269, 277 [1971]), interest should be awarded on the attorney's fees.

3. ˙The judge correctly concluded that interest was payable at the rate of 8% on the plaintiffs' G. L. c. 93A damages found by the trial court on October 7, 1981. The plaintiffs argue that they are entitled to interest at the rate of 12% as provided by G. L. c. 231, § 6B, as amended by St. 1982, c. 183, § 2. The 12% rate stated in G. L. c. 231, § 6B, applies to all actions in which damages are assessed on or after the effective date of the act. St. 1982, c. 183, § 4.[3] The plaintiffs contend that damages were not assessed until 1983, when the Appeals Court affirmed the judgment awarding them damages and this court denied the defendant's application for further appellate review.[4] The damages were assessed by the trial court in 1981. The appellate process did not alter the judgment based on that assessment. Affirmation of a judgment does not involve the assessment of damages.

4. A rescript shall issue consistent with the substantive content of the summary orders entered in the Appeals Court.

*So ordered.*

---

[3] By emergency letter the 1982 act became effective on July 1, 1982.

[4] If the 1982 amendment does not apply, the rate of 8% set forth in G. L. c. 231, § 6B, as amended by St. 1974, c. 224, § 1, applies. A 1980 amendment to G. L. c. 231, § 6B (St. 1980, c. 322, § 2), increasing the interest rate to 10%, applied only to actions commenced on or after its effective date.