Thomas E. HARMON, Plaintiff,

v.

CLARK EQUIPMENT COMPANY, Defendant.

Civ. No. 86–0082 P.

United States District Court,
D. Maine.

March 24, 1987.

Jeffrey W. Jones, Daniel R. Warren, Scarborough, Me., George W. Beals, Portland, Me., for plaintiff.

Harrison L. Richardson, Thomas E. Getchell, Portland, Me., for defendant.

GENE CARTER, District Judge.

## MEMORANDUM OF DECISION AND ORDER ON PLAINTIFF'S MOTION FOR PRE–JUDGMENT AND POST–JUDGMENT INTEREST

■ This Court has fully reviewed the written submissions of the parties on the Plaintiff's Motion for Pre-Judgment and Post-Judgment Interest, filed on February 5, 1987. It has long been the law in the First Circuit that the Court must award pre-judgment interest in a diversity of citizenship case where the applicable state law provides for an award of such interest. *Hobard v. O'Brien*, 243 F.2d 735, at 745 (1st Cir.1957). Here the Maine statute clearly provides for an award of pre-judgment interest at the rate of 8% per year. 14 M.R.S.A. § 1602(1). Further, it is clear that the award is to be made "despite the judgment's failure to mention it." *Aubin v. Fudala*, 782 F.2d 287, 289 (1st Cir.1986). Here the Defendant has raised as a defense to an award of pre-judgment interest the failure of the judgment entered herein to formally award interest. The statute, 14 M.R.S.A. § 1602(1), specifically provides that "interest shall be assessed at the rate of 8% per year." In any event, in this case the failure of the judgment entered herein to mention an award of interest and costs was a clerical error and the Court can, pursuant to Fed. R.Civ.P. 60(a), correct a clerical error occurring as the result of oversight or inadvertence at any time. Accordingly, the Court will this date enter herein its Order Amending the Judgment to reflect that it is to include "interest and costs." Accordingly, the Plaintiff is entitled to pre-judgment interest to be computed at the Maine statutory rate of eight percent (8%).

■ Secondly, in respect to post-judgment interest, this Court is satisfied that the applicable law is 28 U.S.C. § 1961(a). The Plaintiff argues that this statute, which provides for a federal rate of interest post-judgment does not apply to actions based upon diversity. On this issue, the Court finds the majority opinion in *Weitz Company, Inc. v. Mo-Kan Carpets, Inc.*, 723 F.2d 1382 (8th Cir.1983), to be persuasive:

> The provision covers "any judgment in a civil case recovered in a district court." ... No exemption is made for actions based on diversity of citizenship. This court must apply an applicable federal provision over a conflicting state provision, unless the federal provision is found unconstitutional. *See Hanna v. Plumer*, 380 U.S. 460, 471, [85 S.Ct. 1136, 1143, 14 L.Ed.2d 8 (1965)] ...; U.S. Const. art. VI, cl. 2. We believe that the new federal interest statute is constitutional and therefore governs the award of postjudgment interest in this case.... In our view, ... the question of Congress's constitutional power to pass a law fixing a rate of interest on judgments entered by federal courts is not substantial. Congress has the power, under Article III of the Constitution, to ordain and establish inferior federal courts, including this Court and the District Court which entered the judgment below. It also has the power to pass all laws necessary and proper for the execution of powers specifically granted. The accrual of interest on judgments is an ordinary incident of judicial relief, and we think it clear that the power that creates the tribunal that enters the judgment can also provide for such ordinary incidents.
>
> The *Erie* doctrine does not require a different result.

*Id.* at 1386. The Court of Appeals for the First Circuit has indicated by implication that 28 U.S.C. § 1961, which became effective on October 1, 1982, is to be controlling in determining an award of post-judgment interest and the rate therefor as to judgments entered after that date. *Elias v. Ford Motor Co.*, 734 F.2d 463, 467 n. 6 (1 Cir.1984).

Accordingly, the Court concludes that post-judgment interest on the judgment, entered on October 14, 1986, is to be computed at the rate of 5.79%, the current Treasury bill rate, from that date.

So ORDERED.