ALFRED S. SHARPE, administrator,[1] *vs.* SPRINGFIELD BUS
TERMINAL CORPORATION & another.[2]

Suffolk. September 11, 1989. - November 13, 1989.

Present: LIACOS, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Damages*, Wrongful death, Conscious pain and suffering. *Interest. Words*,
"Injury."

Prejudgment interest awarded in 1986 to the plaintiff in a civil action for
pecuniary damages for death with conscious suffering was governed by
G. L. c. 229, § 11, prior to its revision by St. 1988, c. 223, § 1, and was
properly computed at the rate of six percent per annum as provided in
G. L. c. 107, § 3. [64-65]
Where the verdict in a civil action for pecuniary damages provided for
prejudgment interest at the rate of six percent per annum, postjudg-
ment interest at the same rate was properly awarded pursuant to G. L.
c. 235, § 8. [65-66]

CIVIL ACTION commenced in the Superior Court Depart-
ment on July 30, 1981.

Following the decision of this court in 401 Mass. 788
(1988), further proceedings were had before *John F. Mori-
arty*, J.

The Supreme Judicial Court granted a request for direct
appellate review.

*John E. LeComte* (*William P. Smith* with him) for the
plaintiff.

*John J. McGivney* (*Lawrence J. McNally, Jr.*, with him)
for the defendants.

O'CONNOR, J. This case arises out of the stabbing of
Sharon Lee Glynn while she was waiting to board a bus at

[1]Of the estate of Sharon Lee Glynn.
[2]Peter Pan Bus Lines, Inc.

the Springfield bus terminal. A jury awarded the plaintiff $500,000 for wrongful death and $50,000 for conscious suffering. A judgment was entered in the sum of $550,000 "with interest thereon from July 30, 1981 [the date the action was commenced], as provided by law, with costs." This court affirmed the judgment on appeal. *Sharpe v. Peter Pan Bus Lines, Inc.*, 401 Mass. 788 (1988). The issue in the present appeal is what is the appropriate rate of prejudgment and postjudgment interest.

The plaintiff obtained an execution for $1,060,680.77 based on prejudgment and postjudgment interest on the $550,000 verdicts at an annual rate of 12%. The defendants moved for correction of an alleged clerical error in the calculation of interest, asserting that the correct rate of prejudgment and postjudgment interest was 6%. A judge of the Superior Court allowed the defendants' motion and ordered that the entire interest be computed at 6%. The plaintiff appealed, and we allowed his application for direct appellate review. We affirm the decision below.

Before its revision by St. 1988, c. 223, § 1,[3] G. L. c. 229, § 11 (1986 ed.), provided that "[i]n any civil action in which a verdict is given or a finding made for pecuniary damages for the death, with or without conscious suffering, of any person . . . there shall be added by the clerk of the court to the amount of the damages interest thereon from the date of the commencement of the action . . . ." In *MacCuish* v. *Volkswagenwerk A.G.*, 22 Mass. App. Ct. 380, 399-400 (1986), a wrongful death action, the Appeals Court affirmed the judgment of the Superior Court with two relatively minor modifications, one of which had to do with the computation of prejudgment interest. The trial judge had denied a motion to

---

[3]As appearing in St. 1988, c. 223, § 1, G. L. c. 229, § 11, provides that the clerk should include interest "at the same rate . . . per annum as provided in section six B of chapter two hundred and thirty-one." The amendment, however, does not apply to this case because, by its terms, it applies only to actions "in which damages are assessed on or after the effective date" of the amendment. St. 1988, c. 223, § 2. Damages were assessed in this case in July, 1986.

correct judgment brought after the clerk had computed the interest at a 12% rate. The Appeals Court ruled the denial of the motion was error, reasoning that G. L. c. 229, § 11, was controlling, and that, since § 11 did not specify a rate of interest, G. L. c. 107, § 3 (1988 ed.), providing for interest at 6%, applied. The Appeals Court remanded the case to the Superior Court for recomputation of the interest at the rate of 6%. We granted the defendants' application for further appellate review, and then unanimously approved the Appeals Court's opinion and order modifying the Superior Court judgment to reflect interest at 6%. As modified, we affirmed the judgment by an evenly divided court (three to three). *MacCuish* v. *Volkswagenwerk A.G.*, 400 Mass. 1003 (1987). See *Perkins School for the Blind* v. *Rate Setting Comm'n*, 383 Mass. 825, 835-836 (1981); *Turcotte* v. *DeWitt*, 333 Mass. 389, 391-392 (1955).

Our view has not changed since our decision in *MacCuish*. The plaintiff argues that G. L. c. 231, § 6B (1988 ed.), governs the computation of prejudgment interest in wrongful death actions regardless whether the damages were assessed before the effective date of St. 1988, c. 223, § 1 (see note 3, *supra*). We do not agree. Section 6B provides for a 12% prejudgment interest rate on verdicts for "pecuniary damages for personal injuries to the plaintiff or for consequential damages, or for damage to property." Ignoring G. L. c. 229, § 11, the plaintiff contends that damages for wrongful death are within the meaning of the words, "pecuniary damages for personal injuries," in § 6B. Chapter 229, § 11, cannot properly be ignored. Furthermore, as we have previously observed, it is apparent from numerous statutes that "ordinarily the Legislature does not intend that the word 'injury' should include death." *Grass* v. *Catamount Dev. Corp.*, 390 Mass. 551, 554 (1983). Nothing in the language or history of G. L. c. 231, § 6B, suggests that § 6B is an exception to that rule. The Legislature has provided for prejudgment interest in wrongful death actions in G. L. c. 229, § 11, and for pre-

judgment interest in personal injury actions in G. L. c. 231,
§ 6B.[4]

The plaintiff next argues that, even if he is not entitled to
prejudgment interest computed at an annual rate of 12% on
the wrongful death, he is entitled to interest at that rate on
the damages awarded for conscious suffering. Conscious suf-
fering, he argues, is surely "personal injur[y]" within the
meaning of G. L. c. 231, § 6B. The plaintiff's argument,
however, fails to address the legislative scheme set out in
G. L. c. 229. Chapter 229, § 6, provides that, in an action
for wrongful death, damages may also be recovered for con-
scious suffering. Section 11 of the same chapter provides that
"[i]n any civil action . . . for pecuniary damages for the
death, with or without conscious suffering, of any person,"
prejudgment interest shall be added. The instant action is a
civil action for pecuniary damages for death with conscious
suffering. It clearly falls within G. L. c. 229, § 11, and there-
fore, as discussed above, the proper rate of interest is 6% as
provided in G. L. c. 107, § 3.

We turn to the question of postjudgment interest.
Postjudgment interest is governed by G. L. c. 235, § 8 (1988
ed.). Section 8 provides that "[e]very judgment for the pay-
ment of money shall bear interest from the day of its entry at
the same rate per annum as provided for prejudgment inter-
est in such award, report, verdict or finding." In this case,
that rate is 6%. In support of his contention that he is enti-
tled to postjudgment interest at a 12% rate, the plaintiff as-
serts that, since c. 235, § 8, does not provide a specific inter-
est rate, the provisions of c. 231, § 6H, apply. Section 6H

---

[4]The plaintiff also asserts that G. L. c. 231, § 6B, controls because a
wrongful death action is designed to compensate the deceased's next of kin
for damage to property within the meaning of § 6B. The alleged property
damage is the next of kin's loss of the "reasonably expected net income,
services, protection, care, assistance, society, companionship, comfort,
guidance, counsel and advice of the decedent . . . [G. L.] c. 229, § 2."
Even if the plaintiff's assertion, unsupported by reasoning or citation of
authority, be deemed an "argument" within the meaning of Mass. R. A.
P. 16 (a) (4), as amended, 367 Mass. 921 (1975), it is without merit and
we reject it.

provides that "[i]n any action in which damages are awarded, *but in which interest on said damages is not otherwise provided by law*, there shall be added . . . to the amount of damages interest thereon at the rate provided by section six B . . ." (emphasis added). Section 6H does not help the plaintiff. Even if § 6H should be interpreted to apply to postjudgment interest, which is far from clear, § 6H, by its terms, applies only to actions in which interest on damages "is not otherwise provided." This is not such an action. Furthermore, § 6H was inserted in c. 231 by St. 1983, c. 652, § 1, and applies only to actions commenced after March 19, 1984. This action was commenced in 1981.

The decision in the Superior Court awarding prejudgment and postjudgment interest at the rate of 6% is affirmed.

*So ordered.*