**MILL POND ASSOCIATES, INC., Plaintiff,**

v.

**E & B GIFTWARE, INC., d/b/a Enticements, Defendant.**

**Civ. A. No. 86–3399–Y.**

United States District Court, D. Massachusetts.

Nov. 26, 1990.

**300**

Charles B. Straus, Fordham & Starrett, Boston, Mass., for plaintiff.

George Neuner, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER

YOUNG, District Judge.

After the defendant E & B Giftware, Inc. ("Giftware") had defaulted, this Court held a jury waived trial to assess damages. The trial concluded on June 25, 1990, whereupon this Court, in a decision issued from the bench, awarded Mill Pond Associates, Inc. ("Mill Pond") $45,526.00 for violations of the Lanham Act, 15 U.S.C. 1125(a) (Count I) and $45,526.00 for unfair competition pursuant to Massachusetts' common law (Count II). As to each of these counts, the Court based the damages upon an accounting of the profits garnered by Giftware from its wrongful acts. The third count was predicated on the Massachusetts Businessperson's Protection Act. Mass.Gen. Laws ch. 93A, § 11. Pursuant to the provisions of that statute, the Court doubled the sum awarded on the first two counts. The Court also awarded attorneys' fees of $45,-000 on the third count. After these several findings, Mill Pond is entitled to a judgment aggregating $136,052.00. Various questions have arisen concerning the proper calculation of interest on the award in this matter. This memorandum addresses these issues.

A. Prejudgment Interest on the Award Made Pursuant to the Common Law Unfair Competition Theory—Count II.

As noted in the recent First Circuit case, *Doty v. Sewall,* 908 F.2d 1053, 1063 (1st Cir.1990), state law governs the issue of prejudgment interest when a plaintiff recovers under a state law cause of action, regardless of whether jurisdiction in federal court is based upon diversity or whether it is pendent to a federal claim.

Contrary to the general rule allowing prejudgment interest on a tort case from the date of the filing of the complaint, *see* Mass.Gen.Laws ch. 231, § 6B (authorizing interest at the rate of twelve percent from the date of the commencement of an action upon judgments "for pecuniary damages for personal injuries ... or for consequential damages, or for property damage"), Massachusetts courts have held that prejudgment interest should not be applied to cases in which the court calculates the plaintiff's damages by measuring the defendant's wrongful profits. *USM Corp. v. Marson Fastener Corp.,* 392 Mass. 334, 348–51, 467 N.E.2d 1271 (1984); *Jet Spray Cooler, Inc. v. Crampton,* 377 Mass. 159, 181–83, 385 N.E.2d 1349 (1979). These cases reason that the plaintiff's damages, when calculated by the defendant's profits, are designed to avoid the unjust enrichment of the defendant rather than to compensate the plaintiff for property damage. *Jet Spray,* 377 Mass. at 182, 385 N.E.2d 1349. Damages calculated in this manner are different than the typical tort judgment because a "monetary award based on the defendants' profits is not designed to make the plaintiff whole and because ... the defendants' monetary gain accrue[s] after the commencement of th[e] action." *USM Corp.,* 392 Mass. at 348, 467 N.E.2d 1271. When an award is made to make a plaintiff whole, the plaintiff is entitled to prejudgment interest on the incurred loss. *See id.* Although cases have awarded prejudgment interest upon one other type of damage which accrues after the initiation of suit,

e.g., *Charles D. Bonanno Linen Service, Inc. v. McCarthy*, 708 F.2d 1, 12 (1st Cir. 1983) (awarding prejudgment interest on damages for loss of future earning capacity); *Griffin v. General Motors Corp.*, 380 Mass. 362, 366–67, 403 N.E.2d 402 (1980) (same); *Carey v. General Motors Corp.*, 377 Mass. 736, 746, 387 N.E.2d 583 (1979) (same), the Supreme Judicial Court in *USM Corp.* distinguished each of the above-cited cases on the basis that damages calculated by measuring the defendant's wrongful net profit are not "designed to make the plaintiff whole," whereas damages for loss of future earning capacity are so designed. 392 Mass. at 348–49, 467 N.E.2d 1271.

In this case, as the damages for unfair competition have been calculated in such a manner as to permit Mill Pond to recover the wrongful profits of Giftware, the line of Massachusetts precedent just discussed would seem to settle the matter were it not for Mill Pond's argument that the enactment of Mass.Gen.Laws ch. 231, § 6H legislatively overrules the prejudgment interest analysis found in both *USM Corp.* and *Jet Spray Cooler*. Section 6H (added to the General Laws by Mass.Statute 1983, ch. 652, § 1 and made applicable to all actions commenced on or after March 20, 1984[1]) provides for an award of twelve percent prejudgment interest dating from the commencement of "any action in which damages are awarded, but in which interest on said damages is not otherwise provided by law...."

Apparently, there are no cases analyzing the reach of § 6H. Although several cases have referred to § 6H, none has analyzed the section's effects. *See e.g., Sharpe v. Springfield Bus Terminal Corp.*, 406 Mass. 62, 65–6, 545 N.E.2d 1168 (1989) (court cited § 6H but found it inapplicable as the action was commenced before March 19, 1984); *Gaulin v. Commissioner of Public Welfare*, 23 Mass.App.Ct. 744, 746 n. 6, 505 N.E.2d 898 (1987) (in action commenced prior to March 19, 1984, parties did not dispute an award of 12% interest under

Mass.Gen.Laws ch. 231, §§ 6B and 6H without distinguishing between the two sections), *Bushkin Associates, Inc. v. Raytheon Co.*, 906 F.2d 11, 16, 19 (1st Cir.1990) *aff'g* 717 F.Supp. 18 (D.Mass.1989), (court remarked upon § 6H's extension of prejudgment interest rule to include "any action" rather than just tort and contract actions under §§ 6B and 6C but found § 6H irrelevant and made its ruling under § 6C); *Turner v. Johnson & Johnson*, 624 F.Supp. 830, 835–36 (D.Mass.1985) (court held that damages awarded to a plaintiff for a defendant's fraudulent inducement of a contract were not within the ambit of the damages specified in § 6B and, since the complaint was filed in 1979, § 6H was inapplicable); *Ryan v. Raytheon Data Systems, Co.*, 601 F.Supp. 243, 254 (D.Mass. 1984) (court awarded interest under Mass. Gen.Laws ch. 231 § 6B, 6C, 6H without distinguishing among the three sections).

In this case, however, the matter must be squarely faced since Mill Pond argues that, pursuant to § 6H, pre-judgment interest is due on the entirety of this Court's June 25, 1990 judgment. At least as to the second count, wherein damages for common law unfair competition have been calculated on the basis of Giftware's wrongful profits, this Court agrees with Mill Pond that, as to cases commenced after March 19, 1984, the prejudgment interest analysis of *USM Corp.* and *Jet Spray Cooler* has been legislatively altered by the enactment of Mass.Gen.Laws ch. 231, § 6H. That section unequivocally provides that, "[i]n any action in which damages are awarded, but in which interest on such damages is not otherwise provided by law, there shall be added by the clerk of court ... interest at the rate provided by [Mass.Gen.Laws ch. 231, § 6B]." The plain language of this statute fits this aspect of the case precisely. This count advances a legal theory upon which damages have been awarded, but in which interest on such damages has not otherwise been provided by law. The

---

**1.** Mass.Statute 1983, ch. 652, sec. 3. *See* Const. Amend. Art. 48, Ref., Pt. 1 (absent special provisions, Massachusetts statutes become effective 90 days after signature by the Governor);

*Sharpe v. Springfield Bus Terminal*, 406 Mass. 62, 66, 545 N.E.2d 1168 (1989) (section 6H applies to action commenced after March 19, 1983).

fact that the Supreme Judicial Court had earlier reasoned that no interest ought be calculated upon damages based on wrongful profits cannot survive the plain meaning of the language used by the Massachusetts Legislature in § 6H.[2] Accordingly, prejudgment interest at the rate of twelve percent shall be calculated on the damages awarded under the unfair competition count from the commencement of the action.

**B.** Prejudgment Interest on the Award Made Pursuant to Mass.Gen.Laws ch. 93A—Count III.

■ Massachusetts law allows prejudgment interest on the compensatory portion of a Chapter 93A claim. *Patry v. Liberty Mobilehome Sales, Inc.*, 394 Mass. 270, 272, 475 N.E.2d 392 (1985). Prejudgment interest, however, is not allowed on the punitive portion of a Chapter 93A claim, *Makino v. Metlife Capital Credit Corp.*, 25 Mass.App.Ct. 302, 320–21, 518 N.E.2d 519 (1988), or on the award of attorney's fees, *Patry*, 394 Mass. at 271–73, 475 N.E.2d 392. Each of these cases, however, arose prior to the effective date of Mass. Gen.Laws ch. 231, § 6H.

As was the case with prejudgment interest on the unfair competition award, Mill Pond here argues that the enactment of Mass.Gen.Laws ch. 231, § 6H, requires prejudgment interest on both the compensatory *and* the punitive portions of the chapter 93A award. The Court rejects this argument for three reasons.

First, as the title of the enactment adding § 6H to the Massachusetts General Laws makes clear, this section is not a general catch-all provision providing for prejudgment interest. Rather it applies only to "certain judgments," *see* Mass.Statutes 1983, ch. 652 and *Silverman v. Wedge*, 339 Mass. 244, 245, 158 N.E.2d 668 (1959) ("The title of an act is to be considered in construing the act") specifically, actions "in which damages are awarded, but in which interest on said damages is not otherwise provided by law." Mass.Gen.Laws ch. 231, § 6H. This is simply not such a case. Under *Patry*, an award under chapter 93A does carry prejudgment interest, but such interest is calculated only on the compensatory portion thereof. *Patry*, 394 Mass. at 272, 475 N.E.2d 392; *Makino*, 25 Mass. App.Ct. at 320–21, 518 N.E.2d 519.

Second, sound policy considerations support this result. As Mr. Justice Kass observed:

> Prejudgment interest, as is well understood, compensates the prevailing party for loss of the use of money that party, as determined by the judgment, should have had in the first place and not been obliged to chase. In that way compensatory damages are truly compensatory and, in monetary terms, the winner is no less well off for the chase. See *Bernier v. Boston Edison Co.*, 380 Mass. 372, 388 [403 N.E.2d 391] (1980), and cases cited. No similar purpose would be served by imposing interest on punitive damages which, as we have seen, have a purpose beyond restoring to a plaintiff what should have been his. Indeed, to add interest on punitive damages in a c. 93A case would have the flavor of an unseemly piling on. Such is the preponderant weight of authority among courts which have considered the question.

*Makino* at 320–21, 518 N.E.2d 519 (collecting cases).

■ Third, and most important, it appears that the uniform procedure within the Superior Court has been—and has remained since the effective date of Mass. Gen.Laws ch. 231, § 6H—to calculate prejudgment interest only on the compensatory portion of the chapter 93A award.[3] This

---

**2.** Massachusetts statutes are to be construed according to the plain and ordinary meaning of the words used. *A. Belanger & Sons, Inc. v. Joseph M. Concannon Corp.*, 333 Mass. 22, 25, 127 N.E.2d 670 (1955); *Rambert v. Commonwealth*, 389 Mass. 771, 773, 452 N.E.2d 222 (1983).

**3.** Telephone conversations with Francis Orfanello, Esq., Executive Secretary to the Chief Justice of the Superior Court, and John Connolly, Assistant Clerk, Suffolk Superior Court, September 14, 1990.

Court takes judicial notice, Fed.R.Evid. 201(b)(2) and (f), of the standard operating procedures of the courts of the Commonwealth within this judicial district.[1] The long-standing uniform practice of an agency charged with the responsibility of implementing a statute is entitled to significant weight in Massachusetts statutory interpretation. *Johnson v. Robison,* 415 U.S. 361, 367, 94 S.Ct. 1160, 1165, 39 L.Ed.2d 389 (1974); *Massachusetts Trustees v. U.S.,* 377 U.S. 235, 241, 84 S.Ct. 1236, 1241, 12 L.Ed.2d 268 (1964); *Manning v. Boston Redevelopment Authority,* 400 Mass. 444, 453, 509 N.E.2d 1173 (1987). This Court, of course, is required to follow that interpretation under *Erie* principles. *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Accordingly, prejudgment interest on the chapter 93A claim— Count III—will be calculated at the rate of twelve percent upon the compensatory portion of the damage award only.

## C. Post Judgment Interest.

 Both parties agree that the post judgment interest rate should be 8.24% computed daily. The parties disagree as to the principal amount to which the rate should apply. Mill Pond asserts that 8.24% should be applied to the full award, including compensatory and punitive damages, as well as attorney's fees—$136,052.00. Giftware asserts that 8.24% should be applied only to the compensatory portion of the award—$45,526.00.

Section 1961 of Chapter 28, United States Code, provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." The District Court of Maine has held that this statute is applicable to post judgment interest awarded by a federal court in a diversity case. *Harmon v. Clark Equipment Co.,* 657 F.Supp. 873, 874 (D.Me.1987) (noting that the First Circuit has implied that 28 U.S.C. § 1961 should be applied to post

judgment interest in federal cases, *Elias v. Ford Motor Co.,* 734 F.2d 463 [1984] ).

In *United States v. Michael Schiavone & Sons, Inc.,* 450 F.2d 875, 876 (1st Cir. 1971), the First Circuit stated that "once final judgment has been entered in a civil suit in a federal court the prevailing party becomes a judgment creditor and is entitled to post-judgment interest under the mandatory terms of 28 U.S.C. sec. 1961." The First Circuit clearly rejected the argument that a judgment should be parceled into component parts of which only some of the parts would be entitled to post judgment interest. In *Schiavone,* the court allowed post judgment interest on the entire judgment, including a punitive award of treble damages. *Id.* In *Perkins v. Standard Oil Co.,* 487 F.2d 672, 675 (9th Cir.1973), the Ninth Circuit drew no distinction between judgments for attorney's fees and judgments for other damages in holding that "attorney's fees, being unliquidated until they are determined by a court, are not entitled to pre judgment interest ... [b]ut once a judgment is obtained, interest thereon is mandatory without regard to the elements of which that judgment is composed." *Accord Littlejohn v. Null Mfg. Co.,* 619 F.Supp. 149, 151 (D.C.N.C.1985).

Accordingly, the entire judgment in this case, $136,052.00, must be considered principal in the calculation of post judgment interest at the rate of 8.24% per annum.

SO ORDERED.

---

**4.** Should any party object to the propriety of taking judicial notice on this matter, the Court will hold a hearing thereon. Fed.R.Evid. 201(e).