Lenk, J.
The controversy between these parties arose out of the June 1990 grant by VMark Software, Inc. (VMark), of a license to EMC Corporation (EMC) to use VMark’s software product, a relational database management system called “uniVerse.”
VMark brought suit against EMC seeking license and other fees for its software and services. EMC denied responsibility for fees payable to VMark and filed counterclaims against VMark for its failure to perform in accordance with VMark’s written and oral representations. EMC’s counterclaim included claims for breach of contract, breach of warranty, promissory estoppel, fraud, negligent representation and G.L.c. 93A, section 11.
Following a ten-day bench trial, a now retired associate justice of the Superior Court, in a fifty-five page opinion, ruled against VMark on its claim for payment, against EMC on its breach of warranty, misrepresentation, and c. 93A counts, but for EMC on its breach of contract and promissory estoppel claims.
VMark appealed and EMC cross appealed. The Appeals Court affirmed judgment against VMark on its complaint and reversed the trial judge with respect to EMC’s c. 93A and misrepresentation counterclaims. Consistent with its decision that judgment enter for EMC under G.L.c. 93A section 11, the Appeals Court remanded to the Superior Court for the determination of EMC’s reasonable attorneys fees and costs thereunder. VMark Software, Inc., v. EMC Corp., 37 Mass.App. 610, 625 (1994).
The parties are now before this Court for the determination of EMC’s reasonable attorneys fees and costs.
I. Apportionment of Fees
Section 11 of c. 93A provides that where a court finds a violation of section 2 of that chapter, “the petitioner shall, in addition to other relief provided for by this section and irrespective of the amount in controversy, be awarded reasonable attorneys fees and costs incurred in said action.” The amount of *522 attorneys fees to be awarded to a successful plaintiff is determined by what the attorneys’ services are “objectively worth.” Heller v. Silverbranch Constr. Corp., 376 Mass. 621, 629 (1978).
When determining the objective worth of attorneys fees, the court should consider a number of factors identified in Linthicum v. Archarhbault, 379 Mass. 381, 388-89 (1979), overruled in part on other grounds by Knapp Shoes, Inc. v. Sylvania Shoe Manuf. Corp., 418 Mass. 737 (1994).[1]
When cases involve counts in addition to Chapter 93A, the court must determine whether or not apportionment is appropriate, i.e. it must “separate out that portion properly attributable to successful Chapter 93A claims.” Morse v. Mutual Federal, 536 F.Supp. 1271, 1283 (D.Mass. 1982). However, where the prosecution of the non-93A claims was “so intertwined factually with the merits of the claim under 93A, [the court is] not. . . required to segregate out more than a nominal portion of the total hours expended by defense counsel in arriving at an appropriate attorneys fees.” Wasserman v. Agnastropoulos, 22 Mass.App.Ct. 672, 682 (1986).
VMark argues that apportionment is required in this case, arguing that only two of the nine counts “relate, in any way, to EMC’s claim under G.L.c. 93A.”[2] Thus, VMark contends that EMC should only be entitled to “at best” half of the fees incurred prior to the appeal process.
This court finds that although this case involved the defense of VMark’s claim for software license fees, and the prosecution of six legal theories in EMC’s counterclaim, all of these claims involved “the same core of facts.” The claims are so “intertwined” factually, that attorneys fees should not be allocated between the c. 93A claim and other claims.[3] Thus, EMC is entitled to all of its attorneys fees through trial.
II. Overlawyering of the Case
VMark argues that EMC “overlawyered” the case and suggests that this court reduce the fees accordingly. As stated above, in considering the reasonableness of attorneys fees under Chapter 93A, this court considers:
the nature of the case and the issues presented, the time and labor required, the amount of damages involved, the result obtained, the experience, reputation and ability of the attorney, the usual price charged for similar services by other attorneys in the same area, and the amount of awards in similar cases. Linthicum v. Archambault, 379 Mass. 381, 388 (1979).
This court recognizes that the litigation required a substantial commitment of time and labor throughout the pre-trial, discovery and trial stages of the case. Additionally, this case involved complex and technical subject matter, i.e. computer software. Hale and Dorr was able to provide the expertise of counsel well versed in computer litigation. Hale and Dorr obtained a favorable result for EMC both at the trial and on appeal, recovering all of the damages sought in its counterclaim, plus interest and attorneys fees.
This court recognizes that fees for both EMC and VMark counsel are approximately the same. Both sets of counsel had similar hourly rates and staffed the cases similarly. Further, EMC achieved a very good result for its client. Here, particularly in light of the substantial amounts in controversy, both sides engaged in vigorous litigation practices and the court will not penalize the prevailing party here for such conduct.
Thus, this Court will not reduce EMC’s attorneys fees for “overlawyering.” This Court finds that EMC attorneys fees through trial are reasonable within the context of large firm litigation of this nature.
III. Attorneys Fees on Appeal
EMC claims that it is entitled to attorneys fees incurred on appeal. However, in the situation “where the Appeals Court [gives] no directive concerning the allowance by the trial court of appellate attorneys fees, the Trial Court [has] no authority to award such fees under G.L.c. 93A, section 9(4).” Patry v. Liberty Mobile Home Sales, Inc., 394 Mass. 270, 272 (1985).[4] In order for the trial court to have authority to award attorneys fees for the appeal, the appeals court must “direct that the trial court consider the award of the reasonable attorney’s fees on appeal.” Yorke Management v. Elizabeth Castro, 406 Mass. 17 (1989). “Where . . . the appellate court has not directed otherwise, the award of attorneys fees under a statute must be limited to trial proceedings.” Patry at 272.
In this case, EMC did not request the Appeals Court to award it attorneys fees in conjunction with the appeal. Because the Appeals Court did not direct this court to determine appellate fees, this court cannot, as a matter of law, do so now. EMC must instead, if it wishes, petition the Appeals Court for such fees.
ORDER
Accordingly, it is hereby ORDERED that V-Mark Software, Inc. shall pay to EMC $185,216.00 (attorneys fees through trial) plus $12,484.76 (costs through trial), together totalling $197,700.76.

In Linthicum the Supreme Judicial Court stated that “a trial judge should consider the nature of the case and the issues presented, the time and labor required, the amount of damages involved, the result obtained, the experience, reputation and abiliiy of the attorney, the usual price charged for similar services by other attorneys in the same area, and the amount of awards in similar cases.”

VMark contends that this case involves a three-count complaint brought by VMark and a six-count counterclaim brought by EMC — thus adding up to nine counts.

Nhe core of this case, irrespective of legal theory, was to establish that VMark’s software did not do what VMark said it would do. EMC succeeded in proving these facts, and these facts were the basis for its successful 93A claim.

See Mellar v. Berman, 390 Mass. 275,284 (1983) (“neither Appellate costs nor attorneys fees for the appeal can be imposed by a Trial Court absent authorization by an Appellate Court or by virtue of a rule or statute”).