CHERYL NARDONE *vs.* PATRICK MOTOR SALES, INC.,
& another.[1]

No. 97-P-1393.

Worcester. November 12, 1998. - March 12, 1999.

Present: JACOBS, PORADA, & RAPOZA, JJ.

*Anti-Discrimination Law,* Damages, Attorney's fees. *Damages,* Attorney's
fees, Interest, Punitive.

Postjudgment interest on an award of trial attorney's fees [453] and postjudg-
ment interest on punitive damages [453-454] were properly assessed in a
G. L. c. 151B discrimination case.
A Superior Court judge had no authority to award appellate attorney's fees
and costs in circumstances in which the prevailing party had not requested
such fees in the appellate court. [454]

CIVIL ACTION commenced in the Superior Court Department on
September 1, 1992.

Following review by this court, 40 Mass. App. Ct. 1118
(1996), motions for appellate attorney's fees, postjudgment
interest on punitive damages, and interest on trial attorney's
fees were heard by *Francis R. Fecteau,* J.

*Michael J. Michaeles* for the defendants.

*Richard C. Van Nostrand* for the plaintiff.

JACOBS, J. A Superior Court jury awarded the plaintiff
compensatory and punitive damages in a G. L. c. 151B,
§ 4(11A), discrimination action, and the judge awarded her trial
attorney's fees and costs under G. L. c. 151B, § 9. We affirmed
the judgments in an unpublished memorandum and order (95-P-
948). See 40 Mass. App. Ct. 1118 (1996). Following the entry
of judgment after rescript, the plaintiff successfully moved in
the Superior Court for appellate attorney's fees and costs and
postjudgment interest on the awards of punitive damages and

---

[1]Neil Patrick.

trial attorney's fees and costs. The defendants appeal from these post-rescript orders.[2]

1. *Trial attorney's fees.* The plaintiff is entitled to postjudgment interest on the award of trial attorney's fees. Compare *International Totalizing Sys., Inc.* v. *PepsiCo, Inc.*, 29 Mass. App. Ct. 424, 437 (1990)[3] ("Interest on the portion of the award representing attorneys' fees should . . . be calculated from the time judgment was entered on the c. 93A claim"). The commands of G. L. c. 93A, §§ 9(4) and 11, and G. L. c. 151B, § 9, that a court finding for a petitioner "shall," in addition to other relief, award "reasonable attorney's fees and costs," are sufficiently similar, see *Powers* v. *H.B. Smith Co.*, 42 Mass. App. Ct. 657, 667 (1997), to persuade us that postjudgment interest on trial attorney's fees should be assessed in discrimination cases. We find additional support for this conclusion in the liberal construction to be given to G. L. c. 151B, as stated in § 9, in order to accomplish its purposes. Compare *Gaulin* v. *Commissioner of Pub. Welfare*, 23 Mass. App. Ct. 744, 748, 750 (1987) (pointing out that postjudgment interest on attorney's fees assessed for prevailing party in a civil rights action, under 42 U.S.C. §§ 1983 and 1988, parallels practice with respect to ordinary money judgments and that "[i]f, in the end, fees awarded as reasonable were paid after delays, net of interest, the effect as a practical matter would be to reduce those fees by indeterminate amounts without an explicable logic"). We find further support for this approach in Federal practice. Compare *id.* at 748 (citing cases); *Mill Pond Assocs.* v. *E & B Giftware, Inc.*, 751 F. Supp. 299, 303 (D. Mass. 1990).

2. *Punitive damages.* Both the postjudgment interest statute,

---

[2]The defendants make no argument in their appellate brief that postjudgment interest on costs should not have been allowed. The issue is therefore waived. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975).

[3]In *International Totalizing Sys. Inc.*, *supra*, this court relied on *Patry* v. *Liberty Mobilhome Sales, Inc.*, 394 Mass. 270, 272 (1985), in ruling that interest on attorney's fees should be calculated from the time of judgment and not from the time the complaint was filed. We believe this is a correct interpretation of the statement in *Patry* that "[n]o interest should have been allowed on the amount of trial court attorney's fees." *Ibid.* Review of the procedural background of the *Patry* case, including its three sojourns in this court, leads us to conclude that the Supreme Judicial Court's rejection of the trial judge's order in 1983 that interest be added to the 1981 award of attorney's fees "from the date of the award," *id.* at 271, may fairly be read as addressed solely to prejudgment interest on attorney's fees. See, e.g., *Mill Pond Assocs.* v. *E & B Giftware, Inc.*, 751 F. Supp. 299, 302 (D. Mass. 1990).

G. L. c. 235, § 8, and the prejudgment interest statute, G. L. c. 231, § 6B, are silent with respect to interest on punitive damages. Our court has ruled that prejudgment interest compensates a prevailing party for loss of use of money, and that such compensatory purpose would not be served by adding prejudgment interest to punitive damages. *Makino, U.S.A., Inc.* v. *Metlife Capital Credit Corp.*, 25 Mass. App. Ct. 302, 320-321 (1988). The defendants argue by analogy that postjudgment interest therefore should not be awarded on punitive damages. The plaintiff relies on *Fontaine* v. *Ebtec Corp.*, 415 Mass. 309, 326-328 (1993), in which a Superior Court jury found for the plaintiff on claims of age discrimination under G. L. c. 151B, § 4(1B), and under the Federal Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 et seq. (1988), and awarded actual and liquidated damages. *Id.* at 310-311. The Supreme Judicial Court, treating the liquidated damages under the Federal statute as "essentially punitive in nature," *id.* at 327, ordered an award of postjudgment interest pursuant to G. L. c. 235, § 8. Drawing on *Fontaine* and the plain language of § 8, making it applicable to "[e]very judgment for the payment of money," we conclude the plaintiff here similarly is entitled to postjudgment interest on the punitive damages award.

3. *Appellate attorney's fees.* Without a directive from this court, the Superior Court had no authority to award appellate attorney's fees and costs. *Patry* v. *Liberty Mobilehome Sales, Inc.*, 394 Mass. 270, 272 (1985). The plaintiff does not deny she failed to request these fees in her brief in the prior appeal to this court, contrast *Yorke Mgmt.* v. *Castro*, 406 Mass. 17, 18, 20 (1989), but argues that because that appeal was decided without oral argument she had no opportunity to request fees at that time and that the issue, therefore, properly was before the trial court. She offers no citation or persuasive rationale in support of that argument. Nor does she argue that G. L. c. 151B, § 9, mandates the award of appellate attorney's fees at this time. Compare *Powers* v. *H.B. Smith Co.*, 42 Mass. App. Ct. at 667.

Accordingly, we vacate the order awarding appellate attorney's fees and affirm the award of postjudgment interest with respect to punitive damages and trial attorney's fees and costs. We deny the plaintiff's request for her costs and attorney's fees in this and her previous appeal. See *Anthony's Pier Four, Inc.* v. *HBC Assocs.* 411 Mass. 451, 476 n.27 (1991).

*So ordered.*