Johnson, J.
The issue presented by this Dist/Mun. Cts. R A D. A, Rule 8A, expedited appeal is whether an award of attorney’s fees allowed pursuant to G.L.c. 90, §34M in the amount of $45.00 was an abuse of discretion.
The following facts were undisputed. The plaintiff, Djita Patterson, was struck by a motor vehicle insured by the defendant, Liberty Mutual Group, under a motor vehicle insurance policy which provided personal injury protection (“PIP benefits”), as required by G.L.c. 90, §34M. The plaintiff submitted medical bills to the defendant in March, 1999, seeking PIP benefits pursuant to G.L.c. 90, §34M and the defendant paid some of those hills within 30 days. The plaintiff commenced this action in July, 1999, alleging non-payment of the outstanding portion of her PIP benefits. After commencement of suit, the defendant made an additional payment of PIP benefits on September 2,1999, leaving an unpaid balance of $300.00. Thereafter, the defendant was defaulted for failure to answer the complaint
The issue on appeal arises from the assessment of damages hearing which took place on December 15,1999. Counsel for both parties appeared at this hearing. It was agreed by the parties that $300.00 of the plaintiffs medical bills, required to he paid by the defendant pursuant to G.L.c. 90, §34M, remained unpaid. Plaintiff’s counsel sought damages, costs and attorney’s fees. In support of the latter, plaintiffs counsel submitted an affidavit documenting a total of 14 hours expended on the matter at an hourly rate of $ 175.00 for a total request of $2,450.00. The defendant did not contest the amount sought by plaintiffs attorney. After the hearing, the judge assessed damages in the amount of $345.00 with costs of $131.75 and judgment entered in favor of the plaintiff in the amount of $476.75.
A review of the record revealed that no express statement was made by the trial judge as to what portion of the judgment, if any, was intended as an award of attorney’s fees. Consequently, this appellate division panel remanded the matter to the trial judge for clarification as to what portion of the $345.00judgment was intended as attorney’s fees. The trial judge responded with the following:
After finding by the Court, judgment is entered for file plaintiff Djita Patterson in the sum of $300.00 with costs of $131.75 and an attorney’s fee of $45.00. Total=$476.75.
A claimants right to personal injury protection benefits and the remedy for recovering unpaid benefits are found in G.Lc. 90, §34M. Section 34M states, in relevant part
Personal injury protection benefits ... shall be due and payable as loss accrues, upon receipt of reasonable proof of the fact and amount of expenses and loss incurred... In any case where benefits due and payable remain unpaid for more than thirty days, any unpaid party shall be deemed a party to a contract with the insurer responsible for payment and shall therefore have a right to commence an action in contract for payment of amounts therein determined to be due in accordance with the provisions *230 of this chapter... If the unpaid party recovers a judgment for any amount due and payable by the insurer, the court shall assess against the insurer in addition thereto costs and reasonable attorney’s feés (emphasis added).
The Legislature has provided a mandatory award of “costs and reasonable attorney’s fees” to a plaintiff forced to litigate a claim for PIP benefits to judgment Where an award of attorney’s fees “is provided for by statute and is assessed against the party having no contractual relationship with the attorney involved, the standard of reasonableness depends not on what the attorney usually charges but, rather, on what his services were objectively worth.” Heller v. Siverbranch Construction Corp., 376 Mass. 621. Where an award of attorney’s fees is authorized by statute, the judge should consider “the nature of file case and the issues presented, the time and labor required, the amount of damages involved, the result obtained, the experience, reputation and ability of the attorney, the usual price charged for similar services by other attorneys in the same area, and the amount of awards in similar cases.” Linthicum v. Archambault, 379 Mass. 381, 388-389 (1979).
Review of the docket in this case reveals the following activity by the plaintiffs attorney: (1) Counsel prepared the complaint and filed interrogatories to be answered by the defendant on July, 12, 1999. (2) A request for default judgment was filed on August 23, 1999. (3) A motion to compel the defendant to produce documents was filed on September 22,1999. (4) Appearance and argument at the assessment hearing on December 15,1999.[1]
The fourteen hours of time spent on this case seems property documented by plaintiffs counsel Furthermore, there is nothing submitted by the defendant which challenges file plaintiffs request for attorney’s fees in any respect There is nothing before us which explains why the defendant has elected to leave the outstanding balance of $300.00 in PIP benefits unpaid. The plaintiff was forced to commence suit and obtain a judgment on the outstanding balance. The defendant Med to defend this matter before the trial court and elected not to file opposing briefe before this division. The plaintiffs attorney was entitled to an award of “reasonable” attorney’s fees under G.L.c. 90, §34M. An award of attorney’s fees of $45.00 was not reasonable: accepting the uncontested amount of time spent on this matter by plaintiffs counsel the $45.00 award would constitute an hourly rate of less than $3.25 per hour.
While the trial judge did not provide written findings explaining the award of attorney’s fees, it appears possible that the award made by the judge was limited by the relatively modest amount sought in actual damages. Appellate counsel for the plaintiff asserted without objection at oral argument before this division that the trial judge indicated it was his usual policy to award fifteen percent of actual damages in actions under G.L.c. 90, §34M, and the $45.00 awarded equals fifteen percent of the $300.00 assessed as actual damages. An award of $45.00 to an attorney who must litigate a claim for PIP benefits to the extent shown here would frustrate the purpose of the G.L.c. 90, §34M. “While the amount of the recovery is a relevant factor, the court should also consider the remedial nature of the statute involved and the legislative purpose to be advanced.” Moon v. Trust Insurance Company, 2000 Mass App. Div. 89, 94.
Accordingly, we remand this matter to the trial court for a redetermination of attorney’s fees consistent with this opinion. The trial court is further authorized to hear and decide plaintiffs motion for appellate attorney’s fees. See, Patry v. Liberty Mobilehome Sales, Inc., 394 Mass. 270, 272 (1985).
So ordered.

 An additional post-judgment hearing not relevant to this appeal took place on February 25,2000.