Fremont-Smith, Thayer, J.
In this case, after a juiy-waived trial in April 2007, the Court found that Arbella had committed unfair insurance practices both against Dattilo and against its insured, Caban, which entitled Dattilo to receive damages under c. 93A and c. 176D both directly (as a third-party beneficiary of Caban’s policy) and as an assignee of Caban’s rights against Arbella. The Court ordered a judgment for the policy limits ($20,000), for the excess judgment against Caban ($430,000) and ordered interest on the $20,000. The Court also doubled the award of $20,000, the interest on that amount, and the $100,000 awarded as attorney fees [22 Mass. L. Rptr. 447).

The Excess Judgment

Under G.L.c. 231, §6B, the clerk of court shall add interest to damages, including pecuniary damages for personal injuries and consequential damages in any action in which a verdict is rendered or a finding made in favor of the plaintiff. The purpose of prejudgment interest is to compensate a damaged party for the loss of use or the unlawful detention of money. McEvoy Travel Bureau v. Norton Co., 408 Mass. 704, 717 (1990); Makino v. Metlife Cap. Credit. Corp., 25 Mass.App.Ct. 302, 320-21 (1988). In keeping with this purpose, application of prejudgment interest is limited to those damages which are truly compensatory as opposed to punitive. Metlife Cap. Credit. Corp., 25 Mass.App.Ct. at 320-21.
Here, plaintiff filed suit against Arbella on October 25, 2002 and specifically sought damages for the excess judgment. As plaintiff has prevailed in this regard, she was entitled to the money from the time that suit was filed (October 25, 2002) and is therefore entitled to pre-judgment interest thereon from October 25, 2002 to the date of judgment, July 26, 2007.
The Court, however, will not double the amount of interest on the excess judgment for the same reason that it did not double the excess judgment itself (see the Court’s “Findings and Rulings,” p. 9).[1]

Attorneys Fees

If a violation of G.L.c. 93A forces another to incur attorneys fees, those fees are a loss of money or property to a plaintiff and may be recovered as G.L.c. 93A damages. Colombia Chiropractic Group v. Trust Insurance Co., 430 Mass. 60, 63 (1999). In its Findings and Rulings, the Court awarded double the plaintiffs attorney fees as damages under c. 93 and not as a separate award of c. 93 attorney fees.[2] Because the attorneys fees ($100,000) are part of Dattilo’s damages, this Court will grant Dattilo’s motion to add prejudgment interest on those attorneys fees. See Patry v. Liberty Mobilehome Sales, Inc., 394 Mass. 270, 272-73 (1985).

Costs

Costs have been allowed in the sum of $23,194.40. Although in Patry, supra, at 272, the Court indicated in dicta that costs are not damages and therefore do not warrant prejudgment interest, a later Massachusetts decision has determined that an award of costs is a judgment for the payment of money and should bear interest from the date of the award. Osborne v. Biotti, 404 Mass. 112, 113-17 (1989). As costs were awarded by the judgment dated July 26,2007, interest is allowed from that date to the present time (September 19, 2007) in the sum of $419.41.

*98
ORDER

Accordingly, it is ORDERED that a final altered and corrected judgment be entered in the sum of $1,007,342.58,[3] which includes interest and costs.

The Court pointed out that, were the excess judgment to have been doubled to $860,000, this would have resulted in damages 43 times the amount of the withheld policy limits ($20,000), which would have been grossly excessive. An award of double the amount of interest on the $430,000 excess judgment would, in the Court’s view, have the same effect.

Page 10, footnote 7 of this Court’s Findings and Rulings reads, “The court will not award separate attorneys fees incurred with respect to the c. 93A-176D counts of the complaint, as in the circumstance, this would be duplicative of the attorneys fees to be awarded as damages.” [22 Mass. L. Rptr. 447, 451.)

Consisting of total damages including punitive damages ($670,000), interest on the single damages of $550,000.00 from the date of filing the complaint (October 25, 2002 to the date of judgment July 26, 2007) ($313,728.77), costs ($23,194.40) and interest on costs from July 26, 2007 to present ($419.41).